CASE 21—PETITION ORDINARY—APRIL 9.

# Louisville and Nashville Railroad Company v. Ricketts.

### APPEAL FROM MARION CIRCUIT COURT.

1. RAILROADS—DUTY TO KEEP APPROACHES TO STATION LIGHTED.— Where a railroad company has a platform and other facilities for entering and leaving its cars with safety on the depot side of the track, the failure to have the opposite side likewise prepared as a place for entering and leaving the cars can not be regarded as negligence. And where a passenger in leaving a train at night, instead of getting off on a well-lighted platform, got off on the opposite side of the track, where there was no platform and no lights, and in groping his way in the dark fell under the train as it was leaving the station, and was injured, the company is not responsible. And the fact that he and others had thereto-

fore entered and left the cars on that side of the track did not make it the duty of the company to have that side lighted.

2. A STOP OF FOUR MINUTES WAS SUFFICIENT FOR PASSENGERS TO LEAVE THE CARS and get out of the way of the train, and as plaintiff's failure to do so in that time was due to his own negligence in getting off on the dark side of the track, he can not complain that the train moved out before he had time to get out of the way.

W. J. LISLE FOR APPELLANT.

If, when a railroad company provides a commodious platform for persons to alight, and they, without any consent on the company's part, or any necessity for so doing, alight elsewhere, they have no right to hold the company responsible for accidents that would not have occurred had they alighted on the platform. (Forsythe v. Boston and Albany R. Co., 103 Mass, 510; Pennsylvania R. Co. v. Tebe, 33 Pa. St., 318; Hutchinson on Carriers, secs. 520, 647; Lou. & Port. Canal Co. v. Murphy, 9 Bush, 522; Redfield on Railways, sec. 193; Ky. Cent. R. Co. v. Thomas, 79 Ky., 160; Shearman & Redfield on Negligence, secs. 447, 414; Sweeney v. Old Colony Roilroad, 10 Allen, 385; Bennett v. Railroad Co., 102 U. S., 580; Railroad v. Hanning, 15 Wall., 649; Carlton, &c., v. Franconia Iron Co., 99 Mass., 216; Wharton on Negligence, secs. 349, 352; Cooley on Torts, 604, 607; 1 Rorer on Railroads, p. 479; Bransom v. Labrot, 81 Ky., 536.)

JOHN D. FOGLE FOR APPELLEE.

In the absence of anything to show that the railroad company ever gave notice to the travelling public that the platform on the south side of the railroad had been abandoned as a passenger platform, or that it was dangerous to use it as such, the company is liable.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee was a passenger on the appellant's passenger train from Louisville, Ky., to Lebanon, Ky. The train arrived at Lebanon about eleven o'clock at night. The platform of the depot at Lebanon is on the left hand side of the track. There was, at one time, an old platform on the right hand side of the track at said depot, which was removed by the appellant about a year before the happening of the accident complained of; and the place was leveled off and cinders placed upon it. The appellee, before the old platform was removed, had

gotten off the train on the right hand side. On the occasion of the accident the appellee knew that the passenger platform at the depot was on the left hand side of the track. And the platform, including the usual passenger way to and from it, was well lighted by lights from the depot building, and by the light from two street lamp-posts, all of which the appellee was bound to know and could see for himself. The appellee's traveling companion—Mr. Gibson—got off the train at the depot on the passenger platform on the left hand side of the train and went on his way; but the appellee got off on the right hand side, where there was no platform and no ights. He preferred to get off on the right hand side because it saved about eight feet distance and his having to walk around the locomotive, or waiting until the train moved on. When he alighted from the railroad coach, it being dark, he walked on the cinders along with the moving train, and close to it in order to see. And while thus walking he stumbled over a water-box and fell, and in the fall, he threw out his arm and one of the wheels of one of the cars ran over it and the arm had to be amputated. As said, the appellee knew that the passenger platform was on the left hand side, and lighted. He also knew that there was no passenger platform on the right hand side, and that the right hand side was not lighted.

It appears, however, that the appellee, who was familiar with the depot grounds, and others who were familiar with it, had sometimes, as a matter of convenience to themselves, gotten on and off the train on the right hand side. It also appears that the train stopped at the depot at least four minutes.

The court, upon the foregoing facts, at the instance of

the appellee, instructed the jury in substance, as follows: That the appellant was bound to keep in a safe condition and lighted in the night, all portions of their platform and approaches thereto, to which the public do or would naturally resort, and all portions of their station grounds reasonably near to the platforms, where passengers leaving the cars or those who have purchased tickets with a view to take passage on their cars, would naturally or ordinarily be likely to go, etc. That it was the duty of the appellant, in stopping at stations, to give passengers a reasonable time to safely get on and off said trains and out of the way of danger before starting said trains.

The first of the foregoing instructions is taken verbatim from 2 Wood on Railway Law, section 310, page 1166. But the same author, in speaking of the duty of the company in reference to its passenger depots and platforms, explains the rule thus given as follows: "But where the company has a platform and other facilities for entering and leaving the cars with safety on the depot side of the track, the failure to have the opposite side likewise prepared as a place for entering and leaving the cars can not be regarded as negligence; it may select and adhere to such arrangement of its depots and platforms as it may see fit, if those made are safe and commodious."

The foregoing rule is so well and uniformly sustained by the authorities, and is so full of practical wisdom—doing even-handed justice both to the company and passenger—we do not hesitate to adopt it.

Here the company's platform was on the left hand side of the track, and it was "safe and commodious" and well lighted; and the appellee, by the use of ordinary prudence, could have left the cars and depot grounds with

reasonable safety had he taken the platform side; but he preferred to leave the cars by the right hand side of the track, where there was no platform and no lights, and the company not being bound to erect a platform on that side and keep it lighted in the night time, having erected a safe and commodious platform on the other side, which was well lighted, his thus leaving the cars was at his own risk and peril. His having theretofore entered and left the cars by the right hand side, and others having done the same thing, can not have the effect, under the circumstances of this case, to make it the duty of the company to have that side lighted, etc., because the appellee knew, and could see, that the left hand side was a safe and commodious way and designated by the company for the passengers to leave the cars, and not the right hand side. Hence he took the right hand side at his peril. As said, the train stopped at least four minutes, which was ample time in which to leave the car and get out of the way of the train had the appellee gotten off on the platform side and not on the dark side, where his exit was retarded by being compelled to find his way in the dark, which caused the injury complained of, for which, as said, the company is not responsible.

The judgment is reversed, and the case is remanded with directions for further proceedings consistent with this opinion.