Case 10.—ACTION BY LILLIE E. LEVI AGAINST THE FIDEL-
ITY TRUST AND SAFETY VAULT CO., INVOLVING THE
RIGHT OF THE WIDOW OF B. C. LEVI, DECEASED, TO
DISPOSE OF PROPERTY DEVISED TO HER BY HER
HUSBAND.—September 26.

## Levi v. Fidelity Trust and Safety Vault Co.

Appeal from Jefferson Circuit Court, Chancery
Branch (1st Division).

SHACKELFORD MILLER, Judge.

Judgment for defendant. Plaintiff appeals. Af-
firmed.

1. Wills—Power of Wife to Dispose of Husband's Estate Under—
Construction of—Under a provision in the husband's will,
devising all his property to his wife and providing "that pre-
vious to her death she may will or distribute to her relations
and to my relations any property, real or personal, as she
may choose or desire them to have," she had the power to
distribute the estate of her husband according to her discre-
tion to such of her relations and his relations as she might
select.

2. Same—Having the right to distribute any part of the estate
during her life, or by will, to such of her relations and his re-
lations as she might choose, it follows that her selection
of the objects of her bounty from among her own and her
husband's relations can not be interfered with.

3. Relations—The use of the word "relations" by the husband was
not intended to confine the distribution of the estate devised
to his wife to those who were directly of kin, but was used
as meaning blood kin of any degree, and she had the right
to give to the children of her sister instead of the sister,
or the nieces or nephews of her husband instead of his
brothers.

4. Same—It follows, therefore, that a conveyance from the Fi-
delity Trust and Safety Vault Co., which she constituted
trustee to sell her property in a will carrying out the above
provision of her husband's will, constituted a good and suf-
ficient title.

E. L. McDONALD for appellant.

Levi v. Fidelity Trust and Safety Vault Co.

## POINTS AND AUTHORITIES.

1. A power to appoint to "relations" may be exercised in favor of any persons related by consanguinity, the beneficiaries not necessarily being confined to the next of kin. A court being called upon to execute a trust in favor of relations will, because there is no other convenient rule, confine the beneficiaries to the next of kin. (Huling v. Fenner, 9 R. I., 410; Amer. & Eng. Ency. of Law, 2d Ed., vol. 22, p. 1136; Sugden on Powers, vol. 2, p. 242; Perry on Trusts, sec. 256.)

2. Where a testator provided, "She may will or distribute to her relations and to my relations any property, real or personal, as she may choose or desire them to have," the donee of the power has the right of selection of those relations who are to be the beneficiaries, and of exclusion of others. (Spring v. Biles, 1 Term Rep., 435; Sugden on Powers, vol. 2, p. 237; Mahon v. Savage, 1 Schoals & Lefroys Rep., 111; Law Reports, 4th Chy. Div.; Williams v. Duguid, 24 Chy. Div., 251; Grant v. Lyman, 4 Russ, 292; McGaughey's Adm'r v. Henry, &c., 15 B. M., 383; Clay v. Smallwood, 100 Ky., 212.)

3. Such a power being exercised by devise to a trustee to sell and distribute proceeds among relations, some of whom are not next of kin, and the trustee having under authority of a judgment of court conveyed real estate, the purchaser acquires a good title. (Lasley v. Blackman, 4 B. M., 538; Chaplin on Express Trusts and Powers, sec. 744; Amer. & Eng. Ency. of Law, 2d Ed., vol. 22, p. 1152; Savage v. Burnham, 17 N. Y., 561; Harrison v. Harrison, 36 N. Y., 543; Cruse, Adm'r v. McKee, 2 Head, Tenn., 1; American & Eng. Ency. of Law, vol. 28, p. 866.)

4. If the title of appellant should be adjudged defective the case should be remanded for further proceedings for relief of appellant against appellee on warranty or otherwise. (Metcalf v. Dallam, 4 J. J. M., 196; Hynes' Reprs. v. Campbell, 6 T. B. M., 290; Bowlin v. Polluck, 7 T. B. M., 33; Upshaw v. Debow, 7 Bush, 442, 447.)

JOHN C. DOOLAN and THOS. W. BULLITT for plaintiff.

## CONCLUSIONS.

1. That the power of appointment conferred by the will of Burd C. Levi upon his widow, Mary E. Levi, is a mere naked power as distinguished from powers coupled with a trust, and is, moreover, a power of selection and exclusion.

2. That the word "relations," as used in the third clause of Burd C. Levi's will, is not restricted in its meaning to the next of kin within the statute of distributions, but that the word

is used in its ordinary acceptation, and Mary E. Levi in exercising the power of appointment had a right to select as beneficiaries any person or persons answering the description of "relations," even though such person or persons may not be within the statutory degrees of next of kin. These conclusions having been reached, it follows that the plaintiff has a good title to the property purchased by her from the defendant, and if this be true, the judgment of the court should go establishing that fact.

OPINION BY JUDGE SETTLE—Affirming.

B. C. Levi died in the city of Louisville, leaving a considerable estate, real and personal. He left no children, but was survived by his wife, Mary E. Levi. His last will, which was duly probated in the Jefferson County Court, contained these provisions:

"1. I desire that all my debts, of every kind, shall be paid in full.

"2. After my debts shall have been paid, I will and bequeath to my wife, Mary Ellen Levi, all of my personal, real and mixed estate of every kind and description, to have and enjoy all the days of her life.

"3. Previous to her death she may will or distribute to her relations and to my relations any property, real or personal, as she may choose or desire them to have. I am satisfied that she will act justly in this matter, but under no circumstances shall she be prevented or hindered in the enjoyment of any property or personalty that I may have at my death.

"4. I desire that my friend, Captain Gilmore, shall act as trustee for my wife without bond or security."

Mary E. Levi did not, previous to her death, distribute to the relations of herself or husband any of the estate he devised her; but in December, 1893, she died, leaving a last will and testament, which

was shortly thereafter probated. The will provides for the payment of several small pecuniary legacies which were satisfied out of her own personal estate; but the only part of it that concerns us is found in clause No. 3, which is as follows: "All the residue of my property, real, personal and mixed, and the property of my late husband of every kind, except a cottage and lot in the Kavanaugh Camp Grounds, I devise to the said Fidelity Trust & Safety Vault Company, in trust, however, to take and 'sell the same with all convenient speed and proper and sufficient deeds to be given therefor and to distribute the proceeds to the following persons, towit:" * *. * The persons to whom the will of Mrs. Levi gave the property devised her by the will of her deceased husband, as well as the estate she otherwise owned, were all blood relations of herself and husband, though many of them were not next of kin.

It appears that Mrs. Levi left personal estate, in addition to what she received under the will of her husband, amounting to $4,800. There were four parcels of real estate, which had formerly been the property of the husband. It was all sold by appellee, the Fidelity Trust & Safety Vault Company, in pursuance of the power conferred upon it by Mary E. Levi's will, with the approval of the chancellor of the Jefferson Circuit Court; and the proceeds, aggregating $12,818.34, together with what was left of her personal estate after satisfying the small specific legacies, were by it distributed to the persons named in her will. Among the parcels of realty thus disposed of was a tract of land of 76 acres lying in Jefferson county, which was purchased by the appellant, Lillie E. Levi. A deed of conveyance was made her therefor by the Fidelity Trust & Safety

Vault Company as "trustee under the will of Mary E. Levi."

Upon the payment by her of the purchase price she was given immediate possession of the land, and has ever since continuously remained in the undisturbed possession thereof. It appears, however, that in attempting to consummate a sale of the land, recently made to another, appellant was met by the purchaser with the objection that the will of Mrs. Levi did not pass to the Fidelity Trust & Safety Vault Company a good and sufficient title to the land, and that in consequence the deed from it as trustee to appellant did not convey to her a good and valid title, and because of these supposed defects in her title the purchaser declined to accept the deed tendered or to take the property. Thereupon appellant instituted this action to cancel the deed made her by the Fidelity Trust & Safety Vault Company, rescind the contract of sale, and recover of it the purchase price paid by her therefor. The chancellor adjudged that appellant received through the deed from appellee, Fidelity Trust & Safety Vault Company, trustee under the will of Mary E. Levi, a good and valid title to the land in controversy. Consequently the action was dismissed. Not dissatisfied with, but questioning, the correctness of the chancellor's conclusions, and especially his construction of the will of B. C. Levi, appellant asks of us a consideration and review of the question of title involved.

The objection to the title of appellant is bottomed upon the theory that Mrs. Levi, in distributing to his and her relations the property devised her by the will of her husband, was limited to their next of kin, equally; whereas, the disposition made of it by her will, while equal (that is, giving one-half to his and the other half to her relations) was not to the next

of kin, but in the main to those related to them in a remoter degree. Although at the death of Mrs. Levi her deceased husband had six brothers living, also several nieces and nephews, children of a deceased brother, her will gave portions of the estate to but two of the brothers, one of the children of the deceased brother, and two of the nieces of her husband. Her will also gave a portion to the children of Mrs. Rebecca Robinson, and another portion to the children of Mary Clifton Duncan, though Rebecca Robinson and Mary Clifton Duncan were living and were of the next of kin of Mary E. Levi. We are of opinion that the language of B. C. Levi's will admits of no other construction than that placed upon it by the chancellor. The language: ''Previous to her death she (Mary E. Levi) may will or distribute to her relations and to my relations any property, real or personal, as she may choose or desire them to have. I am satisfied that she will act justly in this matter''—conferred upon her the power to distribute the estate of B. C. Levi, according to her discretion, to such of her relations and his relations as she might select. If she had the right to distribute any part of the estate during her life, or by will, to such of her relations and those of her deceased husband as she might ''choose or desire'' to have it, it follows that her selection of the objects of her bounty from among her own and her husband's relations can not be questioned or interfered with. If this construction of the will is correct, it must be taken for granted that by the use of the word ''relations'' B. C. Levi did not intend to confine the distribution of the estate devised his wife to those who were directly of kin. It was manifestly used as meaning blood kin of any degree. So, if Mrs. Levi chose to give to the children of her sister, instead

of the sister, or to the nieces or nephews of her husband, instead of his brothers, the estate left by him, she clearly had the right to do so, as she did not thereby violate the intention of the testator as expressed in his will.

We think, if Mrs. Levi had died without exercising the power to distribute the estate conferred by the will of her husband, and a court of equity were called on to do so, it doubtless would hold that, as the right to select the relations to whom it should go was by the terms of the will personal to the widow, and she had failed to exercise it, the word "relations" should be construed as meaning the next of kin; and, the court not having the right to exercise the power of selection given the widow, the estate would be distributed to the next of kin as provided by statute. Our conclusion, therefore, is that the power conferred upon Mrs. Levi by the will of her husband is not coupled with an enforceable trust, because it imposed no obligation upon Mary E. Levi to will or distribute to the relations of herself and husband, or any of them, any portion of her deceased husband's estate. That instrument merely provides that "previous to her death she may will or distribute any of the property." She was not authorized to go outside of the class designated as "my relations" and "her relations," and give or will the property to a mere stranger, or one not related to her or her husband, but might at any time before her death, by a gift or successive gifts, have disposed of any part of the property to any person or persons related by blood to herself or husband; and the title of the donee would have become valid and perfect, without regard to any subsequent disposition of the remainder of the property. Therefore, the power conferred upon Mary E. Levi by the

Levi v. Fidelity Trust and Safety Vault Co.

will of her husband was a mere naked power, to be exercised at the discretion of the donee. (Perry on Trusts, sec. 253; Pomeroy's Equity Jurisprudence, sec. 835.)

Our attention has been called by counsel to the use by the testator of the word "to," instead of the word "among," in that clause of the will defining the power which may be exercised by his wife in the matter of disposing of the estate devised, and it is argued that, while possessed of the power to give "to" any person answering the description of "relations," she was not required to make such gift "among all" of the relations. But, without relying upon such refinements of distinction, our examination of the authorities bearing upon the question under consideration has brought us to the conclusion that no better statement of the law controlling this case can be found than is given in Perry on Trusts, sec. 256: "If the donee of the power, or trustee, is to select from the donor's relations those to whom he is to give the property in the execution of the power, he may select from the whole circle of relations, whether near or distant." (Sugden on Powers, p. 242.)

In Huling v. Fenner, 9 R. I., 410, the testator devised his property to his wife for life, "with full power to devise and bequeath the same, or any part thereof, to such of my relations of the Huling family as she shall in her discretion select." The donee of the power gave the whole property to one person, who was a "relation" of the husband, but not his next of kin. It was insisted that the power of selection given the wife was limited to the relation who might be the next of kin at the testator's death. In discussing this point in its opinion the court said: "This claim is supposed to be countenanced and

supported by those cases where the power of appointment has not been executed, and in which the courts hold that the devise of the power creates a trust for the class among which the selection is to be made. In these cases, where the power is to devise to relations, and the power has not been exercised, it has been held that this trust shall not be extended to all kindred, however remote, because a range so illimitable would render the trust uncertain and difficult, if not impossible, of execution, but should be limited to those who are next of kin according to the statute of distribution. If the power be executed, then the object is made certain and definite, and the objection of uncertainty ceases. If the power be not exercised, then the trust must be held void for uncertainty, or as a devise direct to relations it must be thus limited; and the courts have taken the alternative to limit the trust, rather than to hold it void. They distinguish between the trust and the appointment. None of these cases hold that the appointment is thus limited.

The principle is thus stated in Grant v. Lyman, 4 Russ., 292: "Where the author of a power uses the term 'relations,' and the donee does not exercise the power, ordinarily the court will adopt the statute of distributions as a convenient rule of construction and will give the property to the next of kin; but the donee of the power has the right of selection among the relations of the donor, although not within the degree of next of kin. It was said, also, the same rule has been applied to the personal estate, where the word 'family' has been used in the place of 'relations.' * * * It is not necessary, therefore, to the validity of the gift and the power that the devise should be to the next of kin to the donor, nor that he should bear the family name."

Levi v. Fidelity Trust and Safety Vault Co.

It will be found that the English and American authorities on this question, with here and there an exception, sustain the doctrine announced in the case supra, and no Kentucky case has been cited that conflicts with it. Indeed, the only Kentucky cases that bear on the subject are all cases of powers coupled with a trust to.be exercised for the benefit of "children," where the power was either not exercised at all, or not exercised as required by the donor of the power, and the court, having regard to the trust created, enforced it in a manner consonant with the principles of equity. In the case at bar the power conferred upon Mrs. Levi by the will of her husband was completely exercised while she was living by the terms of her will. The confidence reposed in her by the husband was not misplaced, for she not only provided for the distribution of the estate left by him as allowed by his will, but in addition included in the distribution a considerable estate of her own.

. In our opinion the appellant, under the wills of B. C. and Mary E. Levi and by the deed from the . Fidelity & Safety Vault Company, received a good and perfect title to the land purchased by her. Wherefore the judgment is affirmed.