## Chicago City Railway Company v. John C. Lundberg.

### Gen. No. 12,119.

1. NEGLIGENCE—*when alighting from moving street car is, when is not.* While it is not negligence *per se* as a general proposition for a passenger to alight from a moving street car, yet the circumstances under which it is done may make it so.

. Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed, with finding of facts. Opinion filed January 12, 1906.

**Statement by the Court.** On or about the 6th day of May, 1900, appellant was the owner and operating a system of street railway in the city of Chicago. One of the lines composing the system is laid on Cottage Grove avenue, 22nd street, Wabash avenue, Madison street, Michigan avenue and Randolph street, and the cars are operated over it by means of an endless cable. It is a double track line. North-bound cars run on the easterly track on Wabash avenue to Madison street, turn east on Madison street, where there is a single track, to Michigan avenue, thence north to Randolph street, thence west to Wabash avenue, and thence south on Wabash avenue on the easterly track to the north line of Madison street, where the track diverges slightly to the west until it reaches a point a little south of Madison street and becomes the westerly track on Wabash avenue.

Chicago City Railway Co. v. Lundberg.

On May 6, 1900, appellee became a passenger on a north-bound train composed of a grip-car and three trailers.   He took a seat on the left or west side of the grip-car and near the rear end of the car and behind the gripman.   As the train approached Madison street, as was his custom, he stepped onto the footboard, and as the car began turning the corner of Madison street he stepped off the car on the west side and next to the south-bound track, while the train was still in motion, though moving slowly, and was struck by the trailer next following the grip-car on which he was riding and thrown against a south-bound car passing at the moment and received the injuries to recover damages for which this action was instituted.   The femur of his right leg was broken, it is claimed.

The trial resulted in a verdict and judgment in favor of appellee for $5,000.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

M. HENRY GUERIN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The grounds relied upon to reverse the judgment are, first, that the verdict is not justified by the evidence, and second, the giving of improper instructions asked in behalf of appellee and the refusal to submit proper instructions asked in behalf of appellant.   In the view we take of the case it will be necessary to consider only the first ground named.

The declaration consists of three counts.   The negligence averred in the first count is that the defendant carelessly, negligently and improperly drove, managed and operated one of its cars or trains at or near the corner or intersection of Wabash avenue and Madison street, whereby the plaintiff was thrown with great force from the car upon the ground and against a certain other car which was then carelessly, negligently and improperly managed and operated by defendant.

10

The second count avers that the defendant carelessly, negligently and improperly constructed and maintained the railroad and tracks and carelessly, negligently and improperly drove, managed and operated its cars at or near the intersection of said streets whereby the plaintiff, while alighting from one of defendant's cars, was caught and jammed between two of the cars and thrown against each of the cars or trains, and from one to the other, and upon the ground.

The third count avers the negligent and improper construction of the road and defendant negligently drove, managed and operated its cars or trains whereby the plaintiff, a foot passenger, was caught and jammed between the cars, etc.

The witnesses to the accident produced by appellee were himself and Dr. West. Appellee testified that he became a passenger on appellant's train going north, and when the train approached Madison street he left his seat on the grip-car and stepped down on the footboard in order to get off the car before it went around the curve into Madison street. This he says was always his custom when going down town. He had traveled down town by that line hundreds of times by day and night in all seasons of the year and at all hours of the day and night, and was perfectly familiar with the situation at the intersection of Wabash avenue and Madison street. Whether he generally got off the car on the right hand side or the left hand side as he was going north depended upon which side of the car he was sitting. He testifies that he has seen cars as they passed this point hundreds and hundreds of times, and generally took the cars at this point or a little farther south for his homeward trip, and that he knew the location of the tracks at the point in question and that they were the same on the day of the accident as they had been as far back as he could remember.

While standing on the footboard appellee says he was facing the car, and had hold of the handles with both hands, and as the grip-car got over close to the curb he stepped off, clear of the grip-car, maintaining his equilibrium. After getting off he looked north on the track which he was about to cross and seeing a car within fifteen feet from him and that he could not cross without being struck, concluded to·

stop where he was, and was then struck, according to his impression, by the trailers of the train from which he had alighted. He further says he "knew that trains were liable to come any second, both coming and going, and before attempting to cross the track I felt it was my duty to protect myself from harm, to look first and see whether the train was coming."

Dr. West's testimony is that he had known appellee three or four years prior to the accident; that he was near the southwest corner of Wabash avenue and Madison street about to take an elevated train, standing under the stairs to the elevated station at that point, and that he saw appellee sitting in the car coming north and stopped a moment to speak with him when he alighted; that he saw him alight, saw him attempt to avoid a car approaching from the north which was about five feet from him, and that he was struck and that appellee was down out of his vision, the cars intervening between them; that when appellee was on the ground he seemed to look toward the south-bound train and "that was the first he seemed to pay any attention to that train."

Dr. West testified that the tracks and curves had existed, as they were on that day, as long as he could remember. Both witnesses say that the train from which appellee alighted was in motion when appellee alighted but was moving slowly.

It is not claimed by appellee that he gave any notice to the conductor or the gripman or anyone in charge of or operating the train of his destination or of his wish or intention to leave the train at the point he did leave it, or that they had any knowledge on that subject. Neither is there any claim that the south-bound train was not giving notice of its approach by the sounding of its gong. On that subject appellee is silent, but Dr. West says that his best recollection is that there was ringing of bells at the time the car was coming from the north. Other witnesses for appellant say that the bells of both trains were being sounded.

From the evidence given on behalf of appellee we conclude that appellee was guilty of negligence which contrib-

uted to his injury, and that no negligence of the appellant, charged in the declaration, is shown.

The evidence offered by appellant tends to show that appellee did not alight from the car upon which he was riding until the south-bound train was opposite the grip-car. This we think is shown by the testimony of several witnesses, passengers on both trains, and employees of appellant.

The evidence offered by appellant shows that the south-bound train was moving very slowly at this point and stopped very quickly after appellee was struck; that he was struck by the car immediately in the rear of the car from which he alighted, and was thrown against the south-bound train. But whether the south-bound train was actually passing the grip-car from which appellee alighted at the moment he stepped off, or not, it is clearly evident from the testimony on both sides that the south-bound train was so close as to render it extremely dangerous, and we may say reckless, for appellee to alight where he did, and therefore he was guilty of such contributory negligence as precludes a recovery.

While it is not negligence *per se,* as a general proposition, for a passenger to alight from a moving street car (Cicero & P. St. Ry. Co. v. Meixner, 160 Ill., 320), yet the circumstances under which it is done may make it so. Eppendorf v. Brooklyn City R. R. Co., 69 N. Y., 195; Illinois Central R. R. Co. v. Davidson, 64 Fed. Rep., 301; L. & N. R. Co. v. Ricketts, 93 Ky., 116.

Appellee's conduct in leaving the car brings his case, we think, within the rule that where a person voluntarily and unnecessarily places himself in a place dangerous to life and body and is injured in consequence thereof, he cannot recover, whether his act contributes to the force causing the injury or not. Abend v. T. H. & I. R. R. Co., 111 Ill., 202, and cases cited.

The judgment of the Circuit Court is therefore reversed, but the cause is not remanded.

*Reversed with finding of facts.*