CASE 13.—ACTION BY Z. T. PROCTOR AGAINST THE I. C.
R. R. CO. AND OTHERS FOR DAMAGES FOR PER-
SONAL INJURIES.—November 8, 1905.

## Illinois Central Ry. Co., &c., v. Z. T. Proctor

Appeal from Grayson Circuit Court.

WEED S. CHELF, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Re-
ersed.

1. Removal of Causes—Non-residence of Defendant—Joinder of
Resident—Where a petition states a joint cause of action
for injuries against a non-resident railroad and a resident
engineer, the case is not removable to the Federal Court.
2. Railroads—Operation—Applicability of Rules—Where a freight
and a passenger train were ordered to meet at a certain station,
the passenger train being ordered to wait for the freight, a
rule of the railroad requiring a train of inferior class to take
a siding and clear a train of superior class on meeting such
a train, and requiring a train of inferior class to keep five
minutes off the time of a train of superior class following
it, is inapplicable.
3. Same—Construction of Rules—A rule of a railroad requiring
a train of inferior class to take a siding and clear a train
of superior class on meeting such a train, requires a freight
train, on meeting a pasesnger train, to clear it by getting on
a siding, but does not require the freight train, when it is
upon the siding, to remain in the same place.
4. Carriers—Injuries to Passengers—Actions—Evidence—In an
action against a railroad for injuries to a passenger who was
walking along a side track to get on his train, caused by his
being struck by a freight train which was on the siding, the
reading in evidence of a rule of the railroad relative to the
meeting of freight and passenger trains which was inappli-
cable to the case was incompetent and prejudicial, where
plaintiff's attorney in his closing argument commented on

Illinois Central Ry. Co., &c., v. Z. T. Proctor.

the rule at length and on the alleged violation thereof, and argued that such violation was negligence.

5. Trial—Argument to Jury—Prejudicial Remarks—In an action against a railroad for injuries to a passenger, remarks, in the closing argument for plaintiff referring to the poverty of the plaintiff, the wealth of defendant, and defendant's partiality to the Federal Court in preference to the State Court, in which the case was being tried, were improper.

6. Carriers—Passengers—Who Are Passengers—One walking on the side track of a railroad from the depot to a train on the main track in order to take passage on such train was a passenger, and not a trespasser.

7. Same—Passengers Boarding Trains—Contributory. Negligence —Where a railroad is so constructed that a passenger is required to cross intervening tracks to get from the station to his train, or to leave the train, it is not negligence in itself for him not to look and listen for approaching trains on the intervening tracks; but it is incumbent on him to use such care and attention as may be usually expected of persons of ordinary prudence under like circumstances, and he may assume that the railroad will so regulate its trains that the tracks will be free from danger when passenger trains stop at a station to receive and deliver passengers.

8. Negligence—Actions—Question for Jury—Where there is any evidence of negligence, the question of negligence is one for the jury.

9. Carriers—Injuries to Pasesngers—Negligence—Question for Jury—In an action against a railroad for injuries to a passenger walking along the side track to take his train, caused by his being struck by a freight train on the side track, whether the engineer of the freight train used proper care in running his train past the station while the passenger train was receiving and discharging passengers, held, under the evidence, a question for the jury.

10. Same—Discovered Peril—Question for Jury—Whether the engineer exercised proper care after seeing plaintiff on the track, held, under the evidence, a question for the jury.

11.—Same—Contributory Negligence—Question for Jury— Whether plaintiff exercised proper care for his own safety, or brought about the injury by his own inattention, held, under the evidence, a question for the jury.

12. Same—Negligence—Assumptions as to Passenger's Conduct— An engineer of a freight train on a side track had a right to assume that a passenger walking on the side track toward a passenger train which was standing on the main track

Illinois Central Ry. Co., &c., v. Z. T. Proctor.

would leave the track, and was not required to give warning of the approach of his train, or to check his speed until he had reason to believe that the passenger was not aware of the approach of the train or would not leave the track.

13. Same—Intoxication of Passenger—Intoxication of a passenger walking on a side track to take passage on his train does not affect his right to recover for injuries sustained by being struck by a freight train running on the side track, unless by reason of his intoxication he failed to exercise such care for his safety as may usually be expected of a sober person of ordinary prudence under like circumstances.

14. Same—Degree of Care Required—While one walking along a railroad side track, which he has to cross to take a train standing on the main track, is a pasesnger, he is, nevertheless, where a passenger is not authorized to be, and cannot demand of the railroad the high degree of care due by a carrier to its passengers, and the measure of care required of operatives of a freight train on the side track is a reasonable degree of care commensurate with the danger for the safety of persons passing to and from the passenger train and the station, and in the exercise of such reasonable degree of care the operatives of the freight train should give a reasonable warning of the approach of the train, should maintain a reasonable lookout, and should run the train at a reasonable rate of speed.

Paynter and Nunn., JJ., dissenting in part.

TRABUE, DOOLAN & COX and J. S. WORTHAM for appellants.

## POINTS AND AUTHORITIES.

1. Admission of incompetent testimony of statements of someone in overalls not shown to be an employe of appellant.

2. Misconduct of counsel in his closing argument. (McHenry, &c., Co. v. Sneddon, 98 Ky., 684; L., H. & St. L. Ry. Co. v. Morgan, 23 Ky. Law Rep., 121; L. & N. R. R. Co. v. Hull, 24 Ky. Law Rep., 379; 113 Ky., 572; I. C. R. R. Co. v. Jolly, 27 Ky. Law Rep., 118.)

3. The jury should have been instructed peremptorily to find for the defendant. (France's Admr. v. L. & N. R. R. Co., 15 Ky. Law Rep., 244; 22 S. W., 851; Ward's Admr. v. I. C. R. R. Co., 22 Ky. Law Rep., 191; 56 S. W., 807; Yates v. I. C. R. R. Co. (not yet reported), September 21, 1905; Manning v. I. C. R. R. Co., 27 Ky. Law Rep., 142.)

Illinois Central Ry. Co., &c., v. Z. T. Proctor.

4. This action has been removed to the United States Circuit Court for the Western District of Kentucky, and the Circuit Court erred in assuming jurisdiction of this action after the petition and bond for removal were filed. (C. & O. Ry. Co. v. Dixon, 179 U. S.; I. C. R. R. Co. v. Jones, 26 Ky. Law Rep., 31; 80 S. W., 484; Daughtry v. R. R. Co., 138 U. S., 299 (34 L. Ed., 963); B. C. R. & N., &c., Co. v. Dunn, 122 U. S., 513 (30 L. Ed., 1160); Durkee v. I. C. R. R. Co., 81 Fed., 1; Kelly v. Co., 122 Fed., 286; Gustafson, &c., v. Co., 128 Fed., 85; Crawford v. I. C. R. R. Co., 130 Fed., 395; Dishon's Admr. v. C., N. O. &T. P., 133 Fed., 471; Wharton on "Agency and Agents," section 536, p. 350; Blackstone, Vol. 1, p. 431; Wharton's Agency, section 535; Shear. & Red. on Neg., 5th Ed., p. 52; Colvin v. Holbrook, 2 N. Y., 129; Murray v. Usher, 117 N. Y., 549; Kelly v. Chicago, &c., Ry. Co., 122 Fed., 290; Davenport v. Southern Ry. Co., 124 Fed., 984.)

ADDITIONAL AUTHORITIES CITED BY J. S. WORTHAM.

1. Incompetent testimony. (L. & N. R. R. Co. v. Watkins' Admr., 1 R., 266; Brown's Admr. v. L. & N. R. R. Co., 17 R., 148; Shackelford's Admr. v. L. & N. R. R. Co., 84 Ky., 43; L. & N. R. R. Co., 84 Ky., 43; L. & N. R. R. Co. v. Howard's Admr., 6 R., 166; E., L & B. S. R. R. Co. v. Beam, 10 R., 682; L. & N. R. R. Co. v. Howard's Admr., 19 Am. & Eng. R. R. Cases, 102 (notes); Ellwood v. N. Y., &c., R. R. Co., 4 Hun., 808; Harty v. Central R. R. Co., 42 N. Y., 468; Philadelphia, &c., R. R. Co., v. Stedbing, 19 Am. & Eng. Cases, 39; Hayes v. Mich. Cent., R. R. Co., 111 U. S., 228, 241; sec. 15 Am. & Eng. R. R. Cases, 394; Penn. R. R. Co. v. Hensil, 10 Ind., 569; Cooley on Torts, 657-8; Gresham's Admr. v. L. & N. R. R., 15 R., 599; Dolfinger & Co. v. Fishback, 12 Bush, 482.)

2. Peremptory Instruction. (L. & N. R. R. Co. v. Watkins' Admr., 1 R., 266; Nicholas, Admr., v. L. & N. R. R. Co., 9 R., 703.)

3. Contributory Negligence. (Speed v. Carpenter, 14 R., 271; Ky. Cent. R. R. Co. v. Thomas' Admr., 79 Ky., 163; Pad. & Mem. R. R. Co. v. Hoehl, 12 Bush, 41; Johnson's Admr. v. L. & N. R. R. Co., 91 Ky., 654; L. & N. R. R. Co. v. Cooper's Admr., 7 R., 102; L. & N. R. R. Co. v. Taafe's Admr., 21 R. 66; Syme v. Richmond & D. R. Co., 113 N. Car., 558; s. c. 18, S. E. Rep., 114.

4. Negligence must be Specified. Thomas v. L. & N. R. R. Co., 18 R., 164.

MATT. O'DOHERTY, T. R. McBEATH, J. C. GRAHAM for appellee

We contend:

1. That the rule offered in evidence was competent—that it applied by its terms and without qualification at all meeting points between passenger and freight trains.

2. That where the company's depot, ticket office, and tracks are so constructed that passengers who go from the ticket office cr depot to the passenger train, or vice versa, must go upon or cross over an intervening track or tracks, it is the duty of the company, in the exercise of the highest degree of care, which binds it as a carrier of passengers, to so regulate by rule the movement of its other trains, that such intervening track or tracks shall at such times, that is, while the passenger train is receiving or discharging passengers, be free of danger from the movement of such other trains over them.

3. That the rule offered in evidence was the only one in the railroad company's printed book of rules, which appeared to bear upon or to fix the duty of the defendant's agents in charge of a freight at a meeting point with a passenger train.

4. That the rule offered, if observed, would certainly afford passengers while going to or leaving passenger train at stations, so located that passengers going from the depot to the train, or from the train to the depot, must go upon or cross intervening tracks, the protection which the law declares they are entitled to.

5. That whether the rule offered was or was not susceptible of the construction placed upon it by the plaintiff's counsel, the defendant railroad company was not prejudiced by its introduction. The offering of the rule, and plaintiff's contention in regard to it merely tended to show that the railroad company had, to the extent at least of framing the rule, complied with the duty which the law, in any event, fixed upon it for the safety of its passengers.

6. The rule was excluded from the consideration of the jury by the instructions of the court.

7. Plaintiff's counsel did not transgress his privileges in his argument to the jury.

8. The appellee was on his way from the depot to the passenger train when Coche first saw him. The appellee was at the time a passenger, and as such entitled to the exercise by the railroad company and all its agents including the engineer, of the highest degree of care for his safety

"It is his coming to the station within a reasonable time before, with the intention to take the next train, that creates the relation of passenger and carrier." (Tate v. Ill. Cent. R. R. Co., 26 K. L. R., 311.)

Illinois Central Ry. Co., &c., v. Z. T. Proctor.

## AUTHORITIES CITED.

Tate v. Ill. Central Railroad Company, 26 Ky. Law Rep., 311; Kinney v. Railroad Company, 49 K. 59; L. & N. R. R. Company v. Tinkham's adm'r., 19 Ky. Law Rep., 1784; L. & N. R. R. Company v. Tinkham's adm'r., 19 Ky. Law Rep., 1787; Shearman v. Redfield on Neg. 2nd Ed., sec. 525—5th Ed. sec. 202; Thompson's Commentaries on Neg., Vol. 3, sec. 2988-89; Warner v. B. & O. R. R. Company, 168 U. S., 42 Law Ed., 491; U. S. Law Ed., Vol. 42, p. 496-7; Chicago etc Railroad Company v. Ryan 165, Ill. 88; Wood on Railroads, section 382.

## ADDITIONAL AUTHORITIES BY J. C. GRAHAM.

L. & N. R. R. Co. v. Mitchell, 87 Ky., 337; B. L. & N. Turnpike Road Co. v. Stewart, 2 Met., 122; Moore v. Foster, 10 B. M., 256; Hickman v. Southerlalnd, 4 Bob, 194; Hughes v. McGee, 1 Mar., 29; Talbot v. Talbot, 2 J. J. M., 5; Allen v. Sykes, 5 J. J. M. 611; Fleak v. Chambers, 7 B. M., 566; King v. Hannah, 9 B. M., 373; R. R. Co. v. McCoy, 81 Ky ., 403; Maysville & Lexington R. R. Co. v. Herrick, 13 Bush, 127; L. &. N. R. R. Co. v. Popp, 96 Ky., 112; L. & N. R. R. Co. v. Moore, 83 Ky., 675; Chicago R. R. Co. v. Wilcox, 33 Ill., 450; Ky. C. R. R. Co. v. Kyle, 13 Ky. Law Rep., 62; L. & N. R. R. Co. v. Shivell, 13 Ky. Law Rep., 902; Ky. C. R. Co. v. Smith, 93 Ky., 449; Chappin v. Railroad Co., 17 La. Ann., 19; A. T. & S. F. R. Co., Co. v. Moore, 31 Kans., 197; City of Panama, 101 U. S., 453; Railroad Co. v. Herbert, 116 U. S., 642; R. R. Co. v. Mares, 123 U. S., 710; R. R. Co. v. Montgomery, 57 Georgia, 562; L. & N. R. R. Co. v. Brooks' Admr., 5 R., 749; L. & N. R. R. Co. v. Fox, 11 Bush, 510; Pa. R. R. Co. v. Allen, 53 Pa., 276; P. & O. Canal v. Graham, 63 Pa.; Henry v. Sioux City R. R. Co., 9 Am. St. Rep., 461; Kansas City R. R. Co. v. Kier, 13 Am. St. Rep., 311; Hollenback v. Mo. Pacific R. R. Co., Am. Neg. Rep., Vol. 1, 104; Nelson v. Crescent R. R. Co., 2 Am. Neg. Rep., 162; Wilsy v. L. & N. R. R. Co., 83 Ky., 516; Couadeau v. American Accident Co., 85 Ky., 280; Frgate v. Somerset, 16 Ky. Law Rep., 887; L. & N. R. R. Co. v. Howard's Admr. 82 Ky., 212; Shelby v. C. N. O. & T. P. R. Co., 85 Ky., 224; Zigler v. Robinson, 12 Ky. Law Rep., 558; Buford v. L. & N. R. R. Co., 82 Ky., 286; Central Passenger Ry. Co. v. Chatterson, 17 Ky. Law Rep., 5; United Society of Shakers v. Underwood, 11 Bush, 276; Commonwealth v. Tate, 89 Ky., 587; Stephens v. Brooks, 2 Bush, 137; Shay v. The Turnpike Co., 1 Bush, 109; Hicks v. Southern Ry. Co., 38 S. E., 725; N. N. M. . R. R. Co. v. Dauser, 13 Ky. Law Rep., 734; Thompson on

Negligence, Vol 1, 453; Shelby's Admr. v. R. R. Co., 85 Ky., 228; L. & N. R. R. Co. v. Popp, 96., 109; City of Topeka v. Bradshaw, 2 Am. Neg. Rep., 535; N. N. & M. V. Co. v. Carroll, 17 Ky. Law Rep., 375; Steele v. Logan, 3 Mar., 395; West v. Price, 2 J. J. M., 384; Tumey v. Knox, 7 Mon., 89; Floyd v. Paducah Railway and Light Co., 23 Ky. Law Rep., 1078; Brown v. Louisville R. R. Co., 21 Ky. Law Rep., 995; L. & N. R. R. Co., v. Shaw, 21 Ky. Law Rep., 1041; Travellers' Ins. Co. v. Mosely, 8 Wal., 397; West v. Price's Heirs, 2 J. J. M., 384; Billings v. Sherley, 8 Bush, 154; Mocakee v. Commonwealth, 78 Ky., 380; South Cov. & Cin. Ry. Co. v. Riegler's Admr., 26 Ky. Law Rep., 668; Greenleaf on Evidence, section 169; Pa. R. R. Co. v. White, 88 Pa. Sta., 327; Betts v. Leheigh Valley R. R. Co., 6 Am. Neg. Rep., 391; Philadelphia W. & B. R. R. Co. v. Anderson, 72 Md., 519; Am. St. Rep., 483; Baltimore R. R. Co. v. State, 60 Md., 449; Atlanta Consolidated St. R. R. Co. v. Bates, 4 Am. Neg. Rep., 128; Atlantic City Ry. Co. v. Goodin, 5 Am. Neg. Rep., 408; Wabash R. R. Co. v. Skiles, 10 Am. Neg. Rep., 182; Spannagle v. Chicago R. R. Co., 31 Ill., App.460; Highley v. Gilmer, 3 Mont., 90, 35 Am. Rep., 450; Donovan v. Hartford St. R. Co., 65 Conn., 201; Gorden v. Grand St. R. Co., 40 Barb., 546; Hansley v. Jamesville R. R. Co., 115 N. C., 602. 44 Am. St. Rep., 474; McKernan v. Monhattan R. Co., 54 N. Y., Super. Ct., 354; Hansley v. Jamesville & W. R. R. Co., 115 N. Car., 602, 44 Am. St. Rep., 475; Webster v. Fitchburg R. R. Co., 161 Mass., 298; June v. Boston R. R. Co., 153 Mass., 79; I. C. R. R. Co. v. Lalodge, 34 Ky. Law Rep., 694; Kinney v. R. R. Co., 99 Ky., 59; Phillips v. Southern Ry. Co., 124 N. C., 123.

OPINION BY CHIEF JUSTICE HOBSON.—Reversing.

Spring Lick, in Grayson county, is a station on the Illinois Central Railroad. The railroad passenger platform is on the south side of the main track. North of the main track, and about 8 feet from it, is a side track, and north of the side track the depot is located, with a plank walk about 5 feet wide leading over from it to the passenger platform. The waiting room is in the west end of the building, and the walk runs across to it. The building is about 40 feet long. Z. T. Proctor, who lived at Leitchfield, desired to take the afternoon train home. When the train was com-

ing, but some distance away, he heard it whistle, and went to the east end of the station, and at the window of the office asked if the agent was in. He was told that the agent was not in. He then entered into a conversation with two men he met on the platform, and sat down on a chicken coop, talking with them, until the passenger train pulled in. The engine of the passenger train stopped a little east of the station. About the time that the passenger train arrived, a freight train, which had orders to meet it there, also arrived, going west, and began pulling in on the side track at the end east of the station to make room for the passenger train to pass it. After Proctor had talked to his friends a few moments, he got up, saying that he must get on the train, and went down the steps leading from the platform on which he was sitting, and, when he reached the side track, turned and walked down in the middle of the track, evidently with a view of walking back to where the passenger coaches were and then getting on the train. While he was walking along the track, the freight train, which was getting out of the way of the passenger train, came up behind him and collided with him, cutting off one foot and injuring the other. He saw the freight train on the side track before he left his friends on the platform, but was under the impression that it had stopped some 200 feet east of the station. His friends followed him down the steps, but were a little behind him. They saw the freight train, which was so close to them when they got down the steps that they did not go upon the track. When Proctor went upon the track the freight train was about 50 or 60 feet behind him, and was moving about 6 or 8 miles an hour. He could have seen the train had he looked up then, but

he did not do so. The engineer, at first supposing that Proctor was going across to the passenger train, did not pay any attention to him; but after he started down the track, and seemed oblivious to the train's approach behind him, the engineer began whistling. He made six or seven short blasts of the whistle, and just after this the engine struck Proctor. Proctor perhaps did not notice the signals given by the freight train on account of the fact that the bell of the passenger train was ringing and that engine was blowing off steam, or it may be that they made no impression on him, as he had the passenger train in mind. A number of persons about the station heard the alarm signals by the train, and saw Proctor walking down the track after these signals were given, though, of course, the whole occurrence occupied only a few seconds. According to the plaintiff's evidence he was about five feet west of the plank walkway when struck; but according to the defendant's evidence he was struck about 5 feet east of the walkway. The defendant's evidence tended to show he was intoxicated at the time. His evidence was to the effect that he was sober. Proctor filed suit against the railroad company and John Coche, the engineer of the freight train, to recover for his injuries. The jury found in his favor, and fixed the damages at $7,500, and the defendants appeal.

The railroad company filed its petition for the removal of the case to the Circuit Court of the United States. The court properly overruled this motion, as there was a joint cause of action stated against the railroad company and the engineer, who was a resident of this State. See Illinois Central Railroad Com-

pany v. Houchins, 121 Ky., 89 S. W., 530; 28 Ky. Law Rep., 499, and cases cited.

The court on the trial allowed the plaintiff to read in evidence the following rule of the railroad company: "When a train of inferior class meets a train of superior class on single track, the train of inferior class must take the siding and clear the train of superior class five minutes. A train of inferior class must keep five minutes off the time of a train of superior class following it." This rule was incompetent. It had no application to the facts of the case. There was an order for the two trains to meet at Spring Lick that day. The passenger train was ordered to wait there for the freight. The company which made the rule could, if it saw proper, give orders for its business to be done in a different way. Besides, the rule was simply intended to prevent collisions between trains. It did not require the freight train, when it got upon the side track, to remain in the same place. It only required it to clear the siding.

To illustrate the effect that was given the rule on the trial before the jury, we quote the following from the concluding argument of the plaintiff's attorney, which was objected to by the defendants, and was allowed over their objection: "Let us see what are the undisputed facts in this case. The first fact about which we discover there is no controversy in this case is this: That the freight train on that occasion was violating one of the rules of the company, that five-minute rule that under the rule of the company it ought to have been on the siding at least five minutes ahead of the time of the passenger train. What is the idea of that? It is to prevent a collision. It is to secure the safety of the public. But, says my

friend Wortham, there is nothing in that. These engineers and conductors had time orders. They knew, gentlemen of the jury, before coming here, that the conduct of the engineer and conductor of that freight train would be under investigation here. They knew that we were charging that they were negligent in the management of that engine and train; and why didn't they bring that time order here? That would explain their unexpected presence at that depot at that time. Why, no. Where is the order? No. Dr. McKenney can be brought here to testify about the breath of Proctor; but that order, that would explain, perhaps, your presence on that siding at that time, they didn't think of it. It wasn't necessary. But suppose it was here. I do not say that they did not receive the order. I am perfectly willing, for the purposes of this case, to assume they had it. If they had that order, it only brings their negligence more directly home to higher authority-than to the engineer or conductor of that freight train. It fixes it upon the train dispatcher. '' The introduction of this rule before the jury was very prejudicial to the defendants, in view of this argument based upon it by counsel in his closing speech, which, though challenged by the defendants, was in effect sustained by the circuit court. Counsel, also, in his concluding argument, said this, which was objected to by the defendants, and their objection overruled: ''No verdict you can render, gentlemen, will ever sufficiently compensate him for what he has suffered. The wealth the millions upon millions owned by this defendant, if it were given to him, would not make good to him the loss that he has sustained. I had no stenographer to take down your speech. Poor Proctor could af-

ford no such luxury. No, gentlemen. From your ver-
dict there is no appeal. My friend here a moment
ago almost became ecstatic in his tribute to justice,
in his love of justice, and in his client's love of justice,
and he represents his client and all other corporations
as standing out in front of your court house here and
asking to be admitted. That is not the way I have
found it. You generally want to get away from here
is my observation. There is a great big institution in
Louisville, that has got a clock and a tower upon it
pointing to the stars, with a very distinguished fed-
eral judge presiding in that august tribunal; and it
is there where you would love to be at home, not
here." Such arguments should never be allowed.
They are calculated to prejudice the jury. It was
immaterial, so far as Proctor was concerned, whether
the freight train was late or not.

The statement of Lee Swift as to what was said
by a man whom he took to be the engineer of the
freight train just after the accident should have been
admitted to the jury, but with the admonition that it
was not to be considered by them unless the remark
he testified to was made by the engineer or the fire-
man of the freight train. The statement was com-
petent as part of the res gestae. The witness did not
know the trainmen; but his description of the man
who made the remark, under all the evidence in the
case, was sufficient for the admission of the evidence,
for, from the engineer's own testimony and language
testified to by Swift, the jury were warranted in be-
lieving that he was the man who said this.

The court, among other things, gave the jury these,
instructions:

"(4) Although the jury may believe from the evi-

dence that the plaintiff was guilty of contributory negligence, and was a trespasser in going upon or walking upon defendant company's railroad track, at the time he did, yet if they further believe from the evidence that the defendant Coche, who was the defendant company's engineer in charge of and operating the engine thereof, discovered plaintiff's peril in time to have avoided injuring him and negligently failed to do so, the law is for the plaintiff, and the jury should find for the plaintiff against both of the defendants the damgaes he thereby sustained.

"(5) The jury are further instructed that at the time of the injury to the plaintiff he was, under the evidence, a trespasser upon defendant's track, and the defendants owed him no duty until his danger and peril became known to defendant's servants in charge of its engine, and after his danger became known to them it was then their duty to use all reasonable means at their command to avoid injuring him; and if the jury believe from the evidence that those in charge of said engine, (after becoming aware of plaintiff's danger), did use all reasonable means at their command to avoid injuring him, then the law is for the defendants, and the jury should so find. But, however, if the jury believe from the evidence that those in charge of said engine, after they became aware of plaintiff's danger, did not use all reasonable means at their command to avoid injuring plaintiff, then the law is for the plaintiff, and the jury should so find."

Proctor was not at the time a trespasser upon the track of the railroad company, but was a passenger. When a railroad is so constructed that a passenger is required to cross the company's intervening tracks

to get from the station to his train, or to leave the train, it is not negligence in itself for him not to look and listen for approaching trains. He has a right to assume that the company will so regulate its trains that the tracks will be free from danger when the passenger train stops at a station to receive and deliver passengers. Shearman & Redfield on Negligence, section 525; 3 Thompson on Negligence, section 2988; Warner v. B. & O. R. R. Co., 168 U. S., 339, 18 Sup. Ct., 68; 42 L. Ed., 491.

The rule in this State is that, if there is any evidence of negligence, the question is for the jury. Under this rule and the law as above stated the court properly refused to give a peremptory instruction to the jury to find for the defendants. It was a question for the jury, under all the proof, whether the engineer used proper care in running the train down past the station as he did while the pasenger train was receiving and landing passengers, whether he exercised proper care after seeing Proctor on the track, and whether Proctor exercised proper care for his own safety or brought about the injury by his own inattention. While Proctor was a passenger, he was where a pasenger was not authorized to be, and while walking along the side track he could not demand of the railroad company the high degree of care due from a carrier to its passengers. L. & N. R. R. Co. v. Ricketts, 93 Ky., 116; 14 Ky. Law Rep., 19; 19 S. W., 182. Still it was a place where considering that the depot was on one side of the track and the passenger train had stopped to take passengers on the other side, the presence of persons on the track should reasonably be anticipated.

In lieu of instruction 4 and 5 the court on another

trial will instruct the jury that it was incumbent on the defendant, in running the freight train, to exercise a reasonable degree of care commensurate with the danger for the safety of persons passing to and fro from the passenger train and the station; that to this end reasonable warning of the approach of the train should be given, reasonable lookout should be maintained, and the train should be run at a reasonable rate of speed; that Proctor had the right to anticipate that such care would be used, but that, in walking along the side track, it was incumbent on him to use such care and attention as may be usually expected of persons of ordinary prudence under like circumstances, and that when the engineer saw Proctor come upon the track he had the right to assume that Proctor would leave the track, and was not required to check the speed of the train or to take precautions for his safety until he had reason, from Proctor's conduct or the circumstances, to believe he was not aware of the approach of the train or would not leave the track. As a qualification to instruction 2, given by the court on contributory negligence, the court should add these words: "Unless, after the plaintiff's negligence had placed him in danger, the engineer of the freight train perceived, or by ordinary care could have perceived, his danger in time to avoid the injury to him by ordinary care on his part." L. & N. R. R. Co. v. Lowe, 118 Ky., 260; 80 S. W., 768; 25 Ky. Law Rep., 2317; 65 L. A. R., 122. The court should also instruct the jury that, if the plaintiff was intoxicated at the time, this would not affect the rights of the parties, unless by reason of his intoxication he failed to exersice such attention and care for his own safety as may be usually expected of a sober

person of ordinary prudence under like circumstances, and in that case the rights of the parties are as set out in instruction 2. L. & N. R. R. Co. v. Cummins, 111 Ky., 333; 23 Ky. Law Rep. 681; 63 S. W. 594.

We see no other error in the record, but for the reasons given the judgment is reversed, and cause remanded for a new trial.

JUDGES PAYNTER AND NUNN, concurring in the result, dissent from so much of the opinion as holds appellee not entitled to the degree of care due a passenger.

Petition for rehearing by appellee overruled.