# Chesapeake & Ohio Railway Company v. Clarke.

(Decided December 15, 1916.)

## Appeal from Lewis Circuit Court.

1. Carriers—Passengers—Duty of Carrier.—It is the duty of a railroad company to provide its passengers with reasonably safe and convenient facilities for leaving its cars.

2. Carriers — Passengers — Contributory Negligence — Question for Jury.—In a passenger's action against a carrier for injuries alleged to have been caused by the failure of the carrier to provide reasonably safe and convenient facilities for leaving its cars, evidence considered, and held that the questions whether plaintiff took the chance of a known peril, or was guilty of contributory negligence, was for the jury.

WORTHINGTON, COCHRAN & BROWNING for appellant.

ALLAN D. COLE and H. W. COLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a personal injury action, in which plaintiff, Louvergne Clarke, recovered of the defendant, Chesapeake & Ohio Railway Company, a verdict and judgment for $500.00. The railway company appeals.

The railway company operates a branch line from Carter City, in Carter county, to Garrison, in Lewis county. The passenger coach on this line is used to carry both freight and passengers. From the freight end of the coach there is no exit. Hence the passengers have to leave the coach from the other end. On June 23, 1913, plaintiff and her husband boarded the train at Carter City for the purpose of going to Garrison. The east end of the depot platform at Garrison is higher than the car steps and is practically level with the floor of the car. The west end of the platform is lower than the car steps. When the passenger coach was stopped opposite the elevated part of the platform, it was customary to place a plank from the car platform to the depot platform to enable passengers to alight. When the coach was stopped opposite the low part of the depot platform a box or stool was placed at the bottom of the steps for the use of passengers leaving the car. On all prior occasions when plaintiff was a passenger on the train the passenger coach was stopped opposite the lower part of the plat-

form. On the occasion of the accident the passenger coach was stopped opposite the elevated portion of the platform. It was then between three and four o'clock in the afternoon. When the train stopped, the conductor, with the other train employes, was engaged in uncoupling some freight cars attached to the rear of the train. While so engaged, the passengers began to alight from the coach. Several passengers preceded plaintiff and jumped from the car platform to the depot platform. Plaintiff followed suit, and in attempting to make the step got one foot on the edge of the depot platform and then slipped and fell, thereby causing the injuries of which she complains. While plaintiff says that she noticed the distance which she was required to step, she never thought it was so far until she attempted to make the step. The conductor was going towards the rear of the car when the accident occurred. She never requested her husband to assist her, because he had a suit case, a bundle and their little boy. After she fell the conductor assisted her.

The only error relied on is the refusal of the trial court to sustain the company's motion for a peremptory instruction. It is argued that as the accident occurred in the daytime, plaintiff knew the distance from the coach to the depot platform. She also knew that there was no plank across the open space and no employes there to assist her. She did not call on her husband for assistance. With full knowledge of the conditions, she attempted to make the step. She did not step far enough and, therefore, fell. Hence, it is claimed that the accident was due to her own negligence. The facts of this case do not bring it within the rule laid down in the case of L. & N. R. R. Co. v. Keith, 58 S. W. 468. There the train upon which plaintiff was a passenger went beyond the station platform before stopping. The conductor offered to back the train to the platform. The offer was refused and the conductor was informed by plaintiff that she wished to alight from the train where it stood. Under these circumstances, it was held that she took the risk and could not recover. Nor does the doctrine of L. & N. R. R. Co. v. Rickets, 93 Ky. 116, 19 S. W. 182, apply. There the company had provided for its passengers a well lighted platform and other reasonably safe facilities to enable them to alight from the train. It was held that a passenger who, with knowledge of the conditions, stepped off the opposite side of the train where there were no lights and no platform, did so at his peril. The case under consideration is

not one where the means of exit were safe and plaintiff, with knowledge of the conditions, voluntarily chose to get off at an unsafe place. It is a case where the plaintiff was invited and had the right to alight at a place where the company was under the duty to provide its passengers with reasonably safe and convenient facilities for leaving the car. Louisville & Nashville R. Co. v. Dyer, 152 Ky. 264, 153 S. W. 194, 48 L. R. A. (N. S.) 816; Dieckmann v. Chicago, etc., R. Co., 145 Ia. 250, 121 N. W. 676, 139 A. S. R. 420, 31 L. R. A. (N. S.) 338; Smithers v. Wilmington City R. Co. (Del.) 67 Atl. 167; 4 R. C. L., section 651, page 1231. In leaving the car plaintiff had the right to act on the assumption that this duty had been performed. As a matter of fact, the company failed in its duty. Preceding her were ten or twelve other passengers, who stepped from the car platform to the depot platform. It may be that if plaintiff had stopped and made an accurate calculation she might have realized the danger. As it was, she merely followed the lead of others who had reached the depot platform in safety. Plaintiff says that while she noticed the distance, she never thought it so far until she attempted to make the step. In view of these facts, we cannot say that plaintiff took the chance of a known peril, or was guilty of contributory negligence, as a matter of law, but conclude that these questions were properly submitted to the jury.

Judgment affirmed.