Case 61—PROCEEDING BY MOTION, BY SUSIE K. LEAVELL
AND OTHERS TO VACATE A JUDGMENT, OCT., 10.

## Leavell, &c v. Carter.

Appeal from Garrard Circuit Court.

W. C. BELL, Circuit Judge.

From a judgment denying the motion, Susie K. Leavell and others appeal.   Affirmed.

Infants—Judgments—Vacation after Attaining Majority—Proceed-
ings by an infant after attaining majority to vacate a judg-
ment against him must be by petition, as provided by Code
Civ. Prac. sections 391, 518, subsec. 8, and sections 520, and,
being by motion to redocket the case, a denial thereof is proper.

R. H. TOMLINSON and W. B. SMITH for appellants.

HENDERSON and SWINEBORAD, for appellee.
No briefs.

OPINION BY JUDGE LASSING—Affirming.

B. F. Leavell died in the year 1891, leaving a will which reads as follows: "After the payment of my just debts, I give and bequeath to my wife, Susie, K. Leavell, any property I own at the time of my death, said property to be used in procuring a home for her and her children. I hereby apopint W. L. and A. W. Kavanaugh my executors, to see that the same is carried out." There was realized out of the estate of B. F. Leavell the sum of $4,000.   Susie K. Leavell, his wife, with the consent of the executors of her husband's will, invested this $4,000 in the J. B. Carter farm of 131 acres; the price agreed upon for said farm being $4,913.25.   Mrs. Leavell gave her note to Carter, due January 1, 1899, with interest, for the balance of $913.25.   On the 1st day of January, 1894,

a sum was paid on this note sufficient to reduce it to
$848.40, and on that day said Carter loaned to Mrs.
Leavell the sum of $551.60, and for these two sums,
making $1,400, Mrs. Leavell executed a new note and
mortgage to Carter on the 131 acres of land, and he
surrendered to her the old note for $913.25. In 1897
J. B. Carter instituted his suit in the Garrard circuit
court to collect this $1,400 note and interest, and to
sell the mortgaged property to pay the judgment. In
the course of time judgment was obtained, the land
was advertised for sale and sold, and J. B. Carter
became the purchaser thereof for $3,668.50. At the
time this action was instituted, W. K. Leavell, John
Y. Leavell, Dorcas Leavell, Susie Leavell, Ben F.
Leavell, and Arch Leavell were all infants, and three
of these infants were under 14 years of age, and three
of them over 14, but under 21. Summons was served
on the infants over 14 years of age, and the court ap-
pointed a regular practicing attorney of that bar
guardian ad litem for the three infants under 14
years of age, and summons was served upon him, and
later the same attorney was appointed guardian ad
litem for the infants over 14 years of age. Through-
out the litigation the infants were represented by
their guardian ad litem. The court found that the
wife, Susie K. Leavell, and her six children (naming
them), took equally, share and share alike, and that
they were the joint tenants on the land, each one hold-
ing one-seventh in fee simple, and further adjudged
that Carter recover of Susie K. Leavell the sum of
$840.40, with interest from the date of the $1,400 note
and the costs of the action, and that to secure this
sum the entire 131 acres was in lien. The court fur-
ther adjudged that the undivided one-seventh inter-
est of Susie K. Leavell was in lien to secure the sum
of $551.60, with interest from the date of the $1,400
note. After paying the debts adjudged against the
proceeds of the sale of the land, there remained for

re-investment the sum of $2,140, and this sum was invested, under an order of the court, in a tract of 125 acres of land in Garrard county, and the said Susie K. Leavell and her children placed in possession of same. On the 27th day of March, 1905, a notice signed by Susie K. Leavell and all of her children was served upon J. B. Carter, notifying him that on the 15th day of the March term, 1905, of the Garrard circuit court, they would move to redocket the old suit of Carter v. Leavell, which had been off the docket for some years, and on the 15th day of said term they offered to file their said notice, and moved the court to reinstate the case on the docket. On the 18th day of the term the court permitted the notice to be filed, to which the plaintiff excepted. The motion to redocket the case was renewed, and the defendants were permitted to file a written motion to set aside the judgment of sale rendered in the case. Thereafter the court overruled said motion, and refused to have the case redocketed or to set aside, vacate, or modify the judgment in the case of J. B. Carter v. Susie K. Leavell et al., and from the judgment of the court refusing this motion, and refusing to set aside or modify the judgment in Carter v. Leavell, the defendants excepted and objected and pray this appeal.

Section 391 of the Code of Civil Practice provides that an infant, other than a married woman, may, within 12 months after attaining the age of 21 years, show cause why a judgment against him should be vacated or modified. By this section of the Code the right is given to the infant to show cause, if any he can, why a judgment rendered against him during infancy should be modified or vacated. Subsection 8 of section 518 of the Code of Civil Practice provides that the court in which the judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it for errors in the judg-

ment shown by an infant within 12 months after arriving at full age; and section 520 provides that proceedings to vacate or modify a judgment on the grounds mentioned in subsection 8 of section 518 above quoted shall be by petition, verified by affidavit, setting forth the judgment, the grounds relied upon to vacate or modify, and the defense to the action if the party applying was defendant, and on the petition proceedings shall be the same as those in the action in which the judgment was rendered. Thus it will be seen that these three sections of the Code give to the infant the right to seek a modification or vacation of the judgment, directing in what court he shall proceed, and, lastly, defining the mode of procedure. Section 519 of the Code of Civil Practice provides that a clerical misprision may be corrected by a motion upon notice; but, as the relief sought here is not to correct a clerical misprision, clearly section 519 does not apply. The Code, which gives the infant the right, also provides the manner in which he may exercise that right, and it plainly provides that, if he wishes to modify or vacate a judgment, he must proceed by petition, and not by motion.

While it has been held that he may proceed by an amended pleading in a pending action, this court, in the case of Henry Voght Co. v. Penna. Iron Works, 66 S. W. 734, 23 Ky. Law Rep. 2163, held that the proper practice is to make application by an independent action; and, appellants not having proceeded as the Code directs, the court properly refused to redocket their case, and the judgment is affirmed.