Case—62—ACTION  BY  ELIZABETH  CRUSE  AGAINST  THE
ILLINOIS  CENTRAL  RY.  CO.  FOR  DAMAGES  FOR  PER-
SONAL  INJURIES,  OCT.,  10.

## Illinois  Central  Ry.  Co.  v.  Cruse.

Appeal from Larue, Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for Plaintiff.  Defendant appeals.  Re-
versed.

1. Railroads—Employe—Duty to Passengers—Special Attention—It
   is not incumbent on the employes of a railroad company to
   be ·on the lookout to discover that any particular passenger
   needs special assistance.  But if a passenger is in need of
   special assistance and this fact is known to the employes it is
   their duty to render it, but they are not required to anticipate
   such wants or needs.
2. Same—Instruction to Jury—Lighting Steps of Platform—An
   instruction to the jury that it was the duty of the railroad
   company to have its platform or stations lighted that the plain-
   tiff might clearly see the steps and platform, is erroneous.
   All that was required of it was to have its steps and platform
   so reasonably lighted that the ordinary traveler could see suf-
   ficiently to alight from the train in safety.

J. M. DI$CKINSON, TRABUE, DOOLAN & COX '& L. B.
HANDLEY, for appellant.

1.  We contend that under the evidence in the case, taking the
same view of the law as the trial court, we were entitled to a
peremptory instruction along the line submitted in our argument
of the case; that the court erred in submitting to the jury that
they should find for the plaintiff, if they believed the station
platform was not lighted; for the reason there was no such alle-
gation in the pleading, and while evidence of the position of plat-
form lights was relevant and competent as tending to show
whether or not the car steps were lighted, this was not a question
upon which the jury could find damages.

2.  That the court erred in submitting the question of damages
for medical attention, for the reason the allegation is not sus-
tained by proof.

Illinois Central Ry. Co. v. Cruse.

3. The court erred in submitting knowledge of feeble health of appellee to the jury; knowledge not being alleged, and no proof heard on this point.

4. That the court erred in submitting to the jury the question as to whether or not the plaintiff's feeble state of health was apparent to defendant's agents and servants, for the reason there is no allegation that it was apparent, and for the further reason the rule is unsound and not good law.

5. That the court erred in refusing to give instructions "B," "C," "E," "F," and "G," defining the duty of the carrier and its servants to the appellee, and if these instructions did not embody the law, then the court erred in not instructing the jury himself, and clearly instructing the jury what their duty was.

### AUTHORITIES.

Upon the question of duty appellant owed appellee in assisting her to alight from the train.

Mo. Pacific R. R. Co. v. Wortham, 10 S. W. 741; Raban v. Central Iowa Ry. Co., 34 N. W. 621; Yarnell v. Kansas City, Ft. W. & M. 113 Mo. 570; Hunt v. St. Louis, Iron M. & I. R. R. Co. 7 S. W. 1; Sevier v. Vicksburg R. R. Co. 61 Miss 11; Lafflin v. Buffalo & S. W. R. R. Co. 106 N. Y. 141.

MATHER and CREAL, for appellee.

### POINTS AND AUTHORITIES.

1. The Law of the Case—If the accident was due to insufficient lighting of the platform or steps of the car, appellant is liable; Watson on Damages for Personal Injuries Sec. 61, 37 La. Ann. 694; Duell v. R. R. 115 Wis. 516, 92 N. W. 269.

2. Instructions of the court as to lighting of platform and steps of car and assisting infirm passengers.

3. General duty of carriers as to passengers alighting from cars. (Lutz v. Ry. Co. Ky. 48 S. W. 1080).

4. Duty of carrier as to rendering aid in certain cases; (2 Amer. and Eng. Encyc. of Law 767; R. R. Co. v. Boddley, 54 Ill 19; R. R. Co. v. Powell, 40 Ind. 37; Milliman v. R. R. 66 N. Y. 642; R. R. Co. v. Statham, 42 Miss. 607; Croom v. R. R. 52 Minn. 296, 38 Am. St. Rep. 557; Cyclopedia of Law and Procedure, Vol. 6, page 611; R. R. Co. v. Bell, Ky. 74 S. W. 700.)

OPINION BY JUDGE BARKER—Reversing.

During the month of September, 1904, the appellee, Elizabeth Cruse, took passage on one of appellant's

Illinois Central Ry. Co. v. Cruse.

trains running from Cecilia Junction to Louisville, Ky.; the latter place being reached about 8 o'clock p. m. on the day of the passage. She was accompanied by two small children, and had as baggage two valises. When the train reached the depot in Louisville, the younger of the children was asleep, and when the mother undertook to alight from the car she carried the sleeping child, and one of the valises; the other child, who seems to have been old enough to perform that duty, carried the second valise. There were some 25 or 30 passengers in the coach; appellee being among the last to leave. When on the steps of the car, her foot slipped, causing her to fall, and, as she claims, seriously injured herself by striking her back against the side of the car. To recover damages for this injury she instituted this action, basing her right to recover, first upon the insufficient lighting of the platform of the coach in which she was riding; and, second, the failure of the employes of appellant to render her the necessary assistance, considering her condition, to enable her to alight with safety. There is no complaint that either the steps or the platform were not in an ordinarily safe condition; the basis of the complaint being the want of sufficient light, and the absence of the assistance from the employes before stated. Upon the trial the jury awarded appellee a judgment of $500 in damages.

The court, among others, gave the following instructions to the jury:

"No. 1. The court instructs the jury that it was the duty of the defendant's servants in charge of the train on which plaintiff was a passenger, to observe the utmost care, which a prudent man engaged in that business would exercise under like circumstances for the safety of plaintiff, while she was attempting to alight from the car; and if you believe from the evidence that at the time she attempted to alight from said train the steps and platform, or

either, was insufficiently lighted for plaintiff to see clearly said steps or platform, and that defendant's agents in charge of said train failed to exercise such care for plaintiff's safety in alighting as would appear to a prudent man to be reasonably necessary under like circumstances, or if you believe from the evidence that plaintiff was in feeble health, and, by reason thereof, required aid to alight in safety, and that her feebleness was known to defendant's agents in charge of said train, or was apparent, and that said agents failed to exercise such care for plaintiff's safety as would appear to a prudent man engaged in like business to be reasonably necessary, and that by reason of said agent's failure, if any, to render such aid, plaintiff was injured, you should find for the plaintiff.''

''No. 5½. Thecourt instructs the jury that if they believe from the evidence that the car steps from which the plaintiff alighted, and the station platform upon which she alighted, were both sufficiently lighted at the time the plaintiff so attempted to alight so that she could have seen clearly how to alight in safety, or unless the jury believe from the evidence that the plaintiff was in such feeble health as to require more than ordinary care and assistance from the defendant's agents and servants in charge of the train, and that said feebleness was known to the said agents and servants, or was apparent to them, then the law is for the defendant, and the jury should so find. And the court further instructs the jury, although they believe from the evidence that the car steps and station platform, or either, were insufficiently lighted, and that the plaintiff was in feeble health, and this was known to said agents and servants, or was apparent, they will find for the defendant,, unless they believe from the evidence that the defendant's agents and servants in charge of the said train did not exercise such care for plaintiff's safety in alighting as

would appear to a prudent man to be reasonably necessary under like circumstances.''

The main question to be disposed of is the correct ascertainment of the duty of assistance a common carrier owes a passenger situated as was appellee at the end of her journey. The question, so far as we know, has never been adjudicated by this court, and we are thus forced to borrow what light we can from other authority.

In the case of the Missouri Pacific Railroad Company v. Wortham (Tex.) 10 S. W. 471, 3 L. R. A. 368, it was said: ''It may be conceded that if appellants had had a proper platform at the station, upon which the passengers could have alighted, their duty as to this matter would have been discharged, and that they were not called upon to render personal assistance.

. In Raben v. Central Iowa Railway Company (Iowa) 34 N. W. 621, the court, in criticising an instruction given upon the trial of the case, said: ''The doctrine of this instruction is that it was the duty of defendant's employes to assist plaintiff to alight from the train, and if they negligently failed to perform that duty, and started the train, without looking and seeing that she had left, defendant is liable for the injury. This doctrine cannot be sustained. It is undoubtedly the duty of a railroad company to provide suitable and safe means for entering and alighting from its trains, but having done this, and having stopped its train in proper position to enable the passengers to avail themselves of these means in entering and alighting, it is not bound to render them personal assistance. The contract of the carrier is that he will carry the passenger safely and in proper carriage, and afford him convenient and safe means of entering and alighting from the vehicle in which he carries him, but he does not contract to render him personal service or attention beyond that.''

In Yarnell v. Kansas City, Fort Worth & M. R. R. Company, 113 Mo. 570, 21 S. W. 1, 18 L. R. A. 599, the rule on the question under consideration is thus stated: "In the circumstances. heretofore stated, it was no part of the duty of the defendant's employes to alight from the train and assist passengers thereon, and negligence cannot therefore be based on such alleged failure. When access to the cars of a railroad company is easy, as in the case at bar, such assistance cannot be claimed as a matter of right. It has been ruled that it is not the duty of a railroad company to assist a passenger in alighting from a train, and following the reason which denies the right of assistance to a passenger from a train would also deny it in getting on a train. The two cases cannot be distinguished in principle."

In Hurt v. St. Louis Iron Mountain & I. R. R. Co. (Mo.) 7 S. W. 1, 4 Am. St. Rep. 374, it is said: "All the duty the law imposes upon a conductor acting as the agent of a corporation, in order to comply with the obligation of the carrier to the passenger, is to carry him safely to the point of destination, and announce the arrival of the train at the station, and give him reasonable opportunity to leave the car. When this is done, the duty of the conductor ceases."

In Sevier v. Vicksburg Railroad Company, 61 Miss. 11, 48 Am. Rep. 74, the duty of the common carrier to passengers was thus stated: "It was not the duty of the conductor to arouse the appellant on the arival of the train at Jackson, by any special means applicable to his condition as being sick and drowsy. The business of the conductor was to manage the train, according to established regulation, and not to vary them for an individual. Regulations are made for the traveling public, and should be reasonable, as adapted to the convenience of this public. If persons sick or under any disability which renders them unable to conform to the reasonable regulations for the com-

munity generally are inconvenienced by this inabil-
ity, they have no legal cause of complaint against a
carrier who undertakes to carry the public generally,
according to a plan adopted to suit persons, generally,
in a condition to travel, and not designed to meet the
wants of those not in such condition.   The obligation
of the carrier was to carry the appellant safely to
Jackson, and on arival there to announce the fact, and
afford an opportunity for him to leave the car.   That
he was asleep, and that his sleep was induced by sick-
ness, did not entitle him to special attention.   It was
his misfortune to be sick, and yet called on to act as a
well man, being on a train run for those able to travel
on cars, and conform to the regulations for their ope-
ration.   One too sick, or from any cause not able to
do as travelers usually do in conforming to the usage
in running trains for the traveling public, should
avoid them, or secure the assistance necessary to en-
able them to accomplish what is required of passen-
gers generally.''

In Lafflin v. Buffalo & Southwestern R. R. Co., 106
N. Y. 141, 12 N. E. 602, 60 Am. Rep. 433, the court
said:  ''On the evening when this accident happened
the evidence tends to show it was dark, and the plat-
form was not plainly visible.   It was somewhat
lighted by light, which came from the car windows,
the depot windows and a lantern in the hands of the
conductor, and it does not appear that it was ever
lighted in any other way.   The fact that it was dark
made it incumbent upon the plaintiff to take the
greater care.   She could have kept hold of the iron
railing until her foot touched the platform, and then
she would have been safe.   It was not the duty of de-
fendant to furnish some one to aid her in alighting
from the car.''

In the case of the New Orleans, etc., R. R. Co. v.
Statham, 97 Am. Dec. 478, the Supreme Court of Miss-
issippi say:  ''Railroad cars are not traveling hospit-

als, nor their employes nurses. Sick persons have the right to enter the cars of a railroad company; as cómmon carriers of passengers they cannot prevent their entering their cars. If they are incapable of taking care of themselves, they should have attendants along to care for them, or to render them such assistance as they may require in the cars, and to assist them from the cars at the point of their destination. It is not the duty of conductors to see to the debarkation of passengers. They should have the stations announced; they should stop the train sufficiently long for the passengers for each station to get off. When this is done, their duty to the passenger is performed. All assistance that a conductor may extend to ladies without escorts, or with children, or to persons who are sick and ask his assistance in getting on and off trains, is purely a matter of courtesy, and not at all incumbent upon him in the line of his public duty."

In 5 Am. & Eng. Encyc. of Law, tit. "Carriers of Passengers," p. 579, the author says: "It cannot be laid down as a rule of law that it is the duty of the carriers to assist its passengers in boarding or alighting from its vehicle or carriage; nor is it necessarily incumbent upon, its servants to direct a passenger how he shall get on or off."

In 6 Cyc. tit. "Carriers," p. 611, the learned author says: "Nor in general is there any duty to assist a passenger in entering or alighting from the train or other conveyance, unless there is some unusual danger or difficulty arising from the place or means afforded for alighting, or the passenger is, to the knowledge of the servants of the carrier, infirm, or under some disability."

There is nothing in the opinion in the case of Cincinnati, New Orleans & Texas Pacific Railroad Company v. Bell, 74 S. W. 700, 25 Ky. Law Rep. 10, in conflict with the rule sustained by the foregoing authorities. In that case the lowest step of the car was

23 inches from the platform, and the evidence of the plaintiff tended to show that she had ridden on the defendant's train many times, and alighted at that particular platform, and had been accustomed to find a box or stool to shorten the distance when she alighted from the train, and that it was so dark she did not notice the absence of the box on the occasion upon which she received her injury. The testimony of the defendant's brakesman showed that he had orders to assist the passengers in alighting, and he claimed to have done so. This was denied by the plaintiff, and the issue thus formed was decided adversely to the corporation by the jury.

We have no such question in the case at bar. Here neither the steps or the platform are complained of. The plaintiff fell because her hands were occupied in holding her sleeping child and the valise, so that she could not steady herself by catching hold of the iron railing, and thus preventing her fall as she descended the steps to the platform. Obviously, it is not incumbent on the employes of a carrier of passengers on their own initiative, to render any special service to one or more passengers to the exclusion of others; their whole duty being to secure the safety and comfort of all. It certainly is not their duty to be on the lookout to discover that any particular passenger needs special assistance. We think, however, if a passenger is in need of special assistance, either from sickness or other misfortune, and this fact is known to the employes of the carrier, it is their duty to render it; but they are not required to anticipate such wants or needs. The trial court therefore erred by inserting into the instructions given to the jury the idea that it was incumbent upon the employes of the appellant to observe the condition of the passengers in order to see whether or not they needed assistance. This thought is embraced in the use of the expression "or was apparent" in the instructions

after stating the duty of the employes of appellant if appellee's feebleness was known to them. As said before, if the employes of the railroad knew that the appellee was in feeble health, and needed assistance, it was their duty to render her such reasonable help as lay in their power in order that she might alight from the car in safety. But they owed her no duty of observation to ascertain her condition, and, therefore, the expression "or was apparent" should have been omitted. Nor was it the duty of the appellant to have its platform or station so lighted that the plaintiff might clearly see the steps and platform. All that was required of it was to have its steps and platform so reasonably lighted that the ordinary traveler could see sufficiently to alight in safety. The eyes of appellee might have been dim or weak from age or infirmity, and, although the steps and platform were sufficiently lighted to enable the average passenger to alight in safety, they may not have been so lighted as to enable her so to do.

For these reasons, the judgment is reversed, and the cause remanded for a new trial, under the instructions consistent with the principles herein expressed.