### Bullitt v. Louisville Railway Co.

(Decided March 9, 1911.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Street Railways—Action Against for Personal Injury—Failure of Jury to Accept Plaintiff's Theory as to the Occurrence of Injury.—In an action to recover damages against a street railway for injuries sustained in attempting to alight from a car, where the plaintiff

was permitted to fairly present her case to the jury, under instructions which could not have been misunderstood, the failure of the jury to accept her theory of how the injury occurred furnishes no ground for a reversal.

A. E. RICHARDS for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH, ALFRED SELLIGMAN and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In attempting to alight from one of appellee's cars in the city of Louisville, appellant fell or was thrown to the ground and severely injured. She instituted a suit against the appellee to recover damages for her injuries on the ground that they resulted from the gross carelessness and negligence of the conductor in shoving her from the car. The company denied liability, and upon the issues thus formed the case was submitted to a jury, which returned a verdict in favor of the company. Conceiving that the trial court erred in the admission of evidence and in instructing the jury, she prays an appeal and asks that the judgment be reversed.

Two witnesses testified as to the negligence, the plaintiff and the conductor. She testified, that when the car came to a stop she arose from her seat and proceeded to leave the car. As she stepped from the car to the platform and from the platform to the first step, the conductor did not touch or offer to assist her. But as she was in the act of leaving the car, he took hold of her left arm and turned or shoved her so that she fell to the street and was considerably bruised and injured thereby. The conductor testified, that when the car came to a stop, appellant got off unassisted by him, and that as she stepped to the ground she fell; that he did not touch her in any way after she had passed out of the car. Other witnesses testified to seeing her after she fell, but as to what caused her to fall she and the conductor were the only witnesses.

The court gave to the jury but two instructions, one defining the measure of damages, and the following:

"If you believe from the evidence in this case that the conductor on the car in regard to which you have heard the testimony, took hold of the plaintiff, Henrietta Bullitt, and caused her to fall from the car, the law of the case is for the plaintiff, and you should so find. But un-

less you believe from the evidence in this case that the conductor took hold of her and caused her to fall from the car, the law of the case is for the defendant, and you should so find.''

This was the issue as made by the pleadings and the evidence. In plain and simple language the court thus submitted to the jury the single issue in the case. If the jury had accepted appellant's statement as true, it could not have escaped returning a verdict in her favor. Evidently they did not believe that the conductor took hold of her and caused her to fall; hence the verdict in favor of the company.

When appellant signalled the car to stop in order that she might alight, the only duty that the company owed to her was to stop the car and have it remain stationary until she had safely stepped therefrom. In Illinois Central R. R. Co. v. Cruse, 123 Ky., 462, it was held that a carrier does not owe to a passenenger the duty to render him personal service or attention in alighting from the car.

The error in the admission of evidence complained of was the refusal of the court to permit the conductor to answer the following question propounded to him on cross-examination: ''Didn't she say to you then and there that you had better learn how to let ladies off the car?'' The avowal is, as follows: ''Plaintiff avows that the witness, if permitted to answer the question would state, and it is true, that she said to him right there that he had better learn how to take care of ladies getting off of the car, and complained of the way in which he had shoved her off.'' It is insisted that, as this statement was made to the conductor by the appellant before he had arisen or been helped from the street, his answer thereto must be treated as a part of the res gestae, and would have, in this respect, strengthened her testimony to the effect that he had shoved or thrown her from the car.

There might be some force in this contention if the answer in the avowal were responsive to the question. The conductor was not asked if she did not say to him that he had shoved her off the car. That answer would not have been responsive to the question. It is possible that this question was preliminary and had the court permitted it to be answered the further question, bringing out and developing the answer in the avowal, might have been asked. But inasmuch as no question was asked to which the avowal could have been responsive, appellant

is in no position to complain because the court refused to permit the question to be answered. In fact, if it had been answered in the form in which it was asked, it would have thrown no light upon the issue involved, for whether or not the conductor knew how to let ladies off of the car could not have aided the jury in determining whether or not he threw or shoved this one off.

We find no error in the record prejudicial to appellants substantial rights. She was permitted to fairly present her case to the jury, under instructions which could not have been misunderstood; and the failure of the jury to accept her theory of how the injury occurred furnishes no ground for reversal.

Judgment affirmed.