## L. & N. R. R. Co. v. Dyer

(Decided February 14, 1913.)

### Appeal from Knox Circuit Court.

1.  Railroads—Public—Rules Governing Employees—Evidence.—The care which a carrier owes to the public is to be determined by principles of law, and not by its rules for the guidance of its employees. Its rules are not, therefore, admissible so far as the public is concerned for the purpose of showing either proper care or negligence on the part of the railroad.

2.  Railroads—Employee—D u t y  to  Passengers—Assistance.—While a railroad company is not ordinarily under the duty of assisting passengers to board and alight from its trains, yet if its brakeman knows that the passenger is sick, crippled or infirm, or for some other reason needs assistance, it then becomes the duty of the brakeman to render such assistance.

3.  Railroads—Employee—Duty to Passengers—Assistance.—While ordinarily if a brakeman knows that a female passenger carrying a baby is attempting to board a train at a place where the steps are unreasonably high, he will be under the duty of rendering her assistance, yet if she is accompanied by her husband and her brother-in-law, who are conveniently near and could render such assistance if desired, he is under no duty to assist such passenger unless requested to do so.

4.  Railroads—Duty to Passengers—Contributory Negligence.—Where a train stops at a small station only a few seconds, and a female passenger is required to board the train immediately, such passenger acts in an emergency, and is not guilty of contributory negligence in boarding the train at that point, even though she knows that the steps are unreasonably high.

B. D. WARFIELD, and BLACK, GOLDEN & OWENS, for appellant.

J. M. ROBSION, for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

Claiming that in attempting to board one of defendant's trains she sprained her arm, plaintiff, Ellen Dyer, brought this action against the Louisville & Nashville Railroad Company to recover damages. The jury returned a verdict in her favor for $350. Judgment was entered accordingly, and the railroad company appeals.

Plaintiff predicated her right of action on two grounds: (1) The failure of the brakeman to assist her on the train; (2) the steps of the car were unreasonably high, and by reason of this fact defendant failed to furnish her a reasonably safe place to board the train. Defendant first moved to strike out all the allegations of the petition with reference to the failure of the brakeman to assist plaintiff. This motion was sustained by the judge then presiding. Subsequently that judge was succeeded by another judge, and plaintiff was permitted to file an amended petition pleading in substance that under the rules of the company the brakeman was required to assist ladies on the train, and that on the occasion in question he failed to do so. The case was submitted to the jury on both issues. The defendant contends that the court improperly submitted to the jury the question whether or not the brakeman failed to assist plaintiff. The determination of this question requires a brief summary of the evidence.

According to the evidence for plaintiff, she, on the occasion in question, went to Rossland, a station on defendant's road, to board one of its trains. She had her baby in her arms. She was also accompanied by her husband and little girl, her brother-in-law, Gilbert Jackson, and his wife. There was no ticket office, and she was unable to purchase a ticket. The train stopped, and the brakeman got on the ground and placed the little girl on the first step of the smoker. She proceeded up the steps and was followed by her father. Plaintiff's husband offered to take the baby, but she preferred that he take care of the little girl, and kept the baby in her arms. The brakeman was standing nearby when plaintiff attempted to board the train. Her brother-in-law, who was standing near her, attempted to help her up the steps but she pulled up by herself. The train stopped

but a short time.  At the place where she got on, the ground was rolling, and the lower step was two feet above the ground.  On account of the character of the ground it was impossible to stand close to the step, and she had to stand about a foot away.  This made it necessary for her to step about three feet in order to reach the lower step of the car.  Her brother-in-law fixed the distance at from two and a half to three feet.  When plaintiff attempted to make the step she carried her baby on her left arm.  She got hold of the railing with her right arm, and in pulling up strained the tendons of her right arm.  She claims that she suffered severely from the strain, and was unable to do any work for about four and a half months.  Her physician, who was called in some time later, says that he found her suffering from the strain.  Her arm was tender to the touch, and through lack of use was smaller than the other one.  Her injury made her arm more susceptible to injury in the future.  Plaintiff was permitted over the objection of defendant to prove that the defendant had in force at the time of the accident the following rule: "Conductors and brakemen must assist ladies, children and infirm persons with luggage on and off trains."

According to the evidence for defendant, as given by a number of witnesses not in its employ, the company had provided what is called a cinder platform at Rossland, which extended along the track for a distance of about a hundred feet and was eight or nine feet wide.  The cinders practically covered the ties, though here and there there may have been a tie that was not altogether covered.  The cinders came up to the ball of the rail and the steps were about 18 inches above the cinder platform.  This is the regulation distance.  The conductor and brakeman had no recollection of plaintiff's being injured.  No complaint was made to them at the time.

This court has committed itself to the doctrine that the care that employes of railroad companies must exercise towards the general public is to be determined by the principles of law, and not by the rules adopted by the company for the guidance of employees.  The rules of the company are not, therefore, admissible for the purpose of showing either proper care or negligence on the part of the company's employees.  Louisville Railway Co. v. Gaugh, 133 Ky. 467; Southern Railway

Co. v. Stewart, 141 Ky. 270. The question is: Does the law impose upon a railroad company the duty of assisting passengers to board or alight from its trains. Ordinarily the law imposes no such duty, and if such service be performed, it is performed as an act of courtesy rather than a legal duty. However, when the employee knows, that a passenger is sick, crippled or infirm, or is a woman carrying a baby, or the steps of the car are unreasonably high, or by reason of these or other facts the passenger needs assistance, it then becomes the duty of the employee to render such assistance. Illinois Central Ry. Co. v. Cruse, 123 Ky. 463; L. & N. R. R. Co. v. Lee, 140 Ky. 91; Bullitt v. Louisville Railway Co., 142 Ky. 670, 6 Cyc., 67; Railroad Co. v. Voil, 98 Ga. 446, 35 L. R. A. 655. In this case the brakeman did assist the little girl to board the car. The train stopped for only a minute. Plaintiff was carrying a baby, and there was evidence that the steps were unreasonably high; but she was accompanied not only by her husband but by her brother-in-law. They were both present and near her when she attempted to board the train. While she says that the brakeman was standing near, she did not request his assistance. Though if unaccompanied by the two male members of her family, the fact that she was carrying a baby and the further fact that there was evidence tending to show that the steps were unreasonably high, would, if known to the brakeman, have been sufficient to impose upon him the duty of rendering her assistance, yet we think that in view of the fact that she was accompanied not only by her husband but by her brother-in-law, who were near by and could have rendered the necessary assistance, it was not incumbent upon the brakeman to assist plaintiff unless requested to do so. It follows that the trial court erred in authorizing a recovery based on the failure of the brakeman to assist plaintiff to board the train.

The question of contributory negligence has no place in the case. At a station like the one in question a train stops for only a few seconds. A passenger has no opportunity to select any particular place for boarding the train. He acts quickly, and in an emergency. The fact that he knows the steps are unreasonably high, and yet attempts to board the train and is thereby injured, will not, under such circumstances, defeat a recovery.

The evidence also fails to show that plaintiff's injury was permanent.

On another trial, if the evidence be substantially the same, the court will instruct the jury in substance as follows:

1. If you believe from the evidence that on the occasion in question plaintiff attempted to board defendant's train for the purpose of taking passage thereon and that the steps of the train were unreasonably high from the ground, and on that account not reasonably safe for boarding a train and by reason thereof plaintiff was injured, you will find for plaintiff. Unless you so believe, you will find for defendant.

2. If you find for plaintiff you will award her such sum in damages as you may believe from the evidence will fairly and reasonably compensate her for any loss of time naturally resulting from her injuries, if any, not exceeding $200, and for any mental or physical pain and suffering which you may believe from the evidence she endured as the direct and proximate result of her injuries, if any, not exceeding the sum of $3,800; your finding in all not to exceed the sum of $4,000.

3. Nine or more of you may return a verdict, but if less than twelve make a verdict, all who agree to it must sign it.

No other questions are passed on.

For the reasons indicated, the judgment is reversed and cause remanded for new trial consistent with this opinion.