MARTIN SCOTT, APPELLANT, V. UNION PACIFIC RAILROAD COMPANY, APPELLEE.

FILED DECEMBER 3, 1915.  No. 18420.

1. **Carriers:** DUTY TO INTENDING PASSENGERS. Ordinarily it is not the duty of a railroad company to furnish an escort or guide to an intending passenger to protect him from accident, unless it is charged with knowledge from the circumstances that the intending passenger is weak, infirm or defective in such a degree as to necessitate assistance.

2. ———: ACTION FOR INJURY: PETITION: SUFFICIENCY. A petition, the substance of which is set forth in the opinion, *held* not to state a cause of action for negligence on the part of a carrier of passengers.

APPEAL from the district court for Keith county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan* and *P. R. Halligan,* for appellant.

*Edson Rich, A. Muldoon* and *B. W. Scandrett, contra.*

LETTON, J.

This is an action to recover for personal injuries. A general demurrer to the petition was sustained. Plaintiff stood upon the demurrer, and judgment of dismissal was rendered. Plaintiff appeals.

The petition is too lengthy to be set forth verbatim. In substance it alleges that plaintiff went to the station of

99 Neb. 7

Scott v. Union P. R. Co.

defendant at Brule for the purpose of taking a train; that
at that point its road is double-tracked, trains going west
using the north track and east-bound trains using the
south track; that the train upon which plaintiff desired
to take passage ran east upon the south track; that de-
fendant negligently refused to open the doors on the north
side of its east-bound trains, and compelled passengers
going east to cross both main tracks, and required plaintiff
to cross the tracks in front of the moving east-bound train
which he desired to take; that he was suffering from ty-
phoid fever; that there was no agent at the station to
sell him a ticket; that by reason of the effects of the fever
"his perceptive faculties were so dulled and his reasoning
power impaired to such an extent that he was unable to
comprehend or understand the danger he incurred in
crossing said railroad track, or to accurately estimate
the distance which he was from said train, or to consider
and reason that the engine and cars of said train ex-
tended out over the south side of said south rail of said
south track, on which it was running, a distance of three
feet, or to understand and comprehend the danger in-
curred in and around railroad yards in which trains were
moving, as they were at Brule, Nebraska, on the evening
the injury to plaintiff occurred." It is also charged that
the defendant negligently failed to provide a platform
or proper place on the south side of the south track for
the accommodation of passengers; that from the depot
to the south rail of the south main track the ground is
covered with gravel to about a level with the top of the
rails; that from the south rail of the main track "the
space is uneven with a slope to the bottom of the north
rail of the south side track." It is averred that the only
space for the accommodation of east-bound passengers was
eight feet in width between the south rail of the main track
and the north rail of the side track; that trains extend
out about three feet from the rail on each side; that it
was dark at the time the accident occurred; that plaintiff
saw his train coming from the west and crossed to the

south side of the main track for the purpose of taking it; that plaintiff "after he had crossed said tracks and proceeded west, and while so proceeding westward, for the purpose of taking said train, was struck on the side by the engine drawing said train, and was knocked down and injured, as will hereafter more fully appear." The further acts of negligence alleged are that the train was run at an excessive rate of speed; failure to blow the whistle or ring the bell at a public crossing about 400 feet west of the depot, or at the public crossing south of the depot; failure to have an agent or other person in the depot to sell tickets; and that defendant had no flagman or watchman on the depot grounds to give passengers proper directions for crossing. It is alleged that plaintiff has suffered permanent injuries and been compelled to pay a large amount of money for medical services and other expenses.

The appellant insists that at the time of the injury the plaintiff was a passenger "being transported," under section 6052, Rev. St. 1913, and that the defendant was therefore absolutely liable for his injuries. This position is not tenable. The plaintiff was not "being transported" at the time of the injury; he had not entered, or was not in the act of entering, the train; he was using his own powers of locomotion, and not being carried or moved by any other agency. The facts alleged do not bring plaintiff within the class of persons to whom the statute applies. *Fremont, E. & M. V. R. Co. v. Hagblad,* 72 Neb. 773, 791. In the consideration of the questions presented, we assume, without deciding, that the plaintiff was a passenger and was entitled to the care and protection which a carrier is compelled by law to extend to passengers. The defendant was therefore bound to exercise the care toward him which the law requires to be exercised when such a relation exists, viz., the highest degree of care and caution. There can be no doubt that, if the plaintiff had been struck by the incoming train while he was in the act of crossing to the south side of the train, the questions as to the negligence of the defendant and the contributory negligence

of plaintiff must have been submitted to the jury. But the petition shows that before the plaintiff was struck he had completed the act of crossing, had proceeded west, "and while so proceeding westward, for the purpose of taking said train, was struck on the side by the engine." It is not alleged that there was any engine or cars standing or moving on the side track at the time, or that there was anything to prevent the plaintiff from walking farther away from the rails. The proximate cause of the accident was that the plaintiff carelessly walked too close to the track.

As to the alleged negligence of defendant with respect to failure to open the doors on the north side of east-bound trains, failure to provide a proper platform, to light the tracks, to furnish a man to conduct passengers across the track, in running the train at an excessive rate of speed without ringing the bell or blowing the whistle, failure to open doors on the north side was a reasonable precaution to protect embarking passengers from trains going west on the adjacent main-line track, and none of the other facts alleged could have caused or contributed to plaintiff's injury, except, perhaps, the failure to have a watchman or flagman "to see that the passengers desiring to take said train were conducted over said tracks to the south side thereof on said public crossing, or to give passengers proper directions for crossing said tracks, and taking said trains." But, since the crossing had been safely passed before the accident, no negligence in this respect could cause it.

The only other question involved is whether the allegations of the petition with respect to plaintiff's physical and mental condition imposed the duty of greater care upon the defendant towards the plaintiff than it owed toward an ordinary passenger. It is not alleged that notice of this condition was brought home to defendant or any of its agents in any manner whatsoever. We have no doubt that, if such notice had been given, it would have been the duty of defendant to exercise greater care to see

that the plaintiff safely took passage than it owed to ordinary passengers; but, in the absence of such knowledge, we fail to see wherein the defendant was guilty of negligence in this respect. *Louisville & N. R. Co. v. Crunk,* 119 Ind. 542; *Illinois C. R. Co. v. Cruse,* 123 Ky. 463, 8 L. R. A. n. s. 299, and note. The petition alleges that the plaintiff went to "said depot and found no agent or other person in same to direct him or to sell him a ticket," but it is also stated that he "saw said agent with a lantern down to the west of the depot on the south side of said south main track." It is to be presumed, since there is no allegation to the contrary, that when the plaintiff saw the agent out near the track with a lantern he was there in the exercise of his proper duties.

The accident is much to be regretted, but we are of opinion that the petition does not allege any act of negligence on the part of the defendant which was its proximate cause. This is the view which was taken by the district court, and its judgment is therefore

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.