## Louisville & Nashville Railroad Company v. Bowman.

(Decided March 17, 1925.)

### Appeal from Lee Circuit Court.

1. Carriers—Trainmen Not Required to Assist Passengers Off and on Trains, Unless Infirmity Obvious, or Request Made Therefor.— Trainmen are under no legal duty to assist passengers off or on trains, even though sick or infirm, unless such infirmity is obvious, or a request for assistance is made.

2. Carriers—Trainmen Under no Duty to Aid Female Passenger Accompanied by Escort to whom She is Actually or Apparently Looking for Assistance.—Though car steps are unreasonably high, trainmen, unless requested to do so, are under no duty to aid female passenger, accompanied by escort to whom she is actually or apparently looking for assistance, to get on train.

3. Carriers—Brakeman Held Obligated to Help Female Passenger Mount Unreasonably High Step though She was Accompanied by an Escort.—Where female passenger's escort was not assisting her to get into car having steps 2½ or 3 feet high, but was incumbered with baggage and had gone into car, it was duty of brakeman perceiving her need to help her without request.

4. Carriers—That Car Steps were Unreasonably High is Alone Negligence.—That car steps were so high as to be dangerous to person attempting to board train is alone negligence as to passenger injured while trying to board train.

5. Appeal and Error—Instruction Permitting Recovery for Permanent Injuries Not Prejudicial, where Recovery was no More

than Reasonable Compensation for Temporary Injuries.—Instruction authorizing recovery for permanent injuries held not prejudicial, where damages recovered were no more than reasonable compensation for injuries without regard to permanency.

6. Carriers—Evidence Held to Sustain Recovery for Injuries while Boarding Car.—Evidence held to sustain recovery for injuries sustained by passenger from fall while boarding car.

7. New Trial—Lack of Motion to Set Aside Impaneling of Jury or to Continue Cause Held Waiver.—In passenger's action for injuries, where plaintiff's counsel, on objection to evidence of particular injuries because unpleaded, offered to and did subsequently file amended petition, which was not objected to, held lack of motion to set aside impaneling of jury, or to continue cause on account of surprise, amounted to waiver by defendant. .

HUNT, NORTHCUTT & BUSH, ROSE & STAMPER and WOODWARD, WARFIELD & DAWSON for appellant.

J. MOTT McDANIEL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In boarding a passenger train at Willow Shoals, a regular station on the L. & N. R. R., Mrs. Hazel Bowman claims to have been injured. For this she sued and recovered a judgment of $1,500.00. The company appeals.

According to her evidence appellee had a purse and a package in her hand. She was accompanied by a young man who was carrying two buckets of milk, one in each hand; the train stopped with the entrance of the car at a point beyond the platform, and the lowest step was two and one-half or three feet from the ground. The young man mounted the steps of the smoker and entered that car. She laid the packages on the steps of the ladies' coach, took hold of the iron railing but was able to reach the steps with only the toe of her right foot. In this way she pulled herself up but as her other foot reached the steps she slipped and went down, scraping one shin as she fell and bruising her other limb. The brakeman was standing near and she turned to him and said that she did not believe that she could get up, but he smiled and made no effort to assist her. She then placed her knee on the bottom step, caught the railing with her hands, and in this way mounted the steps, went into the car, sat down and made no further mention of the matter at the time.

On her arrival at Heidelberg, six miles distant, she left the train and went to her home; that evening she suffered with pains in her abdomen and had to go to bed. After a week's confinement she suffered a miscarriage, passing a well-formed foetus. This was followed by another miscarriage some three days later in which she passed a decomposed foetus in a horrible state of decay.

The operators of the train deny any knowledge of the occurrence and no other person testifies as to witnessing it. The young man who accompanied her testifies that upon the arrival of the train he went into the smoking car and did not see plaintiff get on.

It is first urged that as plaintiff had a male escort and does not claim to have asked assistance of the brakeman that a peremptory instruction should have been given for defendant, and that as the petition did not negative the presence of such escort or state that plaintiff asked assistance a demurrer should have been sustained to it.

Ordinarily trainmen are not under a legal duty to assist passengers on or off their trains; nor is such duty imposed in a case of a sick or infirm person unless the infirmity is obvious or a request for assistance is made. I. C. R. R. Co. v. Cruse, 123 Ky. 463; C., St. L. & N. O. R. Co. v. Rowell, 151 Ky. 313. Even where the steps are unreasonably high, if a female passenger is accompanied by an escort to whom she is actually or apparently looking for protection and assistance, an employee is under no duty to assist her unless requested to do so. L. & N. v. Dyer, 152 Ky. 264; Arnett v. C. & O. R. R. Co., 198 Ky. 491.

This case is distinguished from the Dyer case in that here the young man accompanying plaintiff was not acting as an escort but was encumbered with baggage and looking out for himself. Indeed, he went into the smoker and left her alone. Under such circumstances, if the step was as high from the ground as represented and the brakeman knew it and perceived her need, then it became his duty to assist her without a request. This principle is recognized in the Dyer case.

Aside from this, if the train was so high as to be dangerous to a person attempting to board the train, this in itself would constitute negligence and an issue on this question would carry the case to the jury, a point expressly decided in the Dyer case. So that in any view of

the case a peremptory instruction was properly overruled.

The petition as amended substantially conforms to the views expressed above and is sufficient to uphold the verdict.

Complaint is made of instructions one and three.

Instruction No. 1 given by the court authorized a recovery if the steps were so high from the ground that the plaintiff could not board the train with safety without assistance and this fact was known to the brakeman and he failed to assist her and that she was injured while attempting to board the train. Under the facts and the law as above interpreted this instruction was not erroneous.

Instruction No. 3 on the measure of damages authorized a recovery for permanent injuries. It is clearly established that appellee suffered a miscarriage and there is some evidence that her health is thereby permanently impaired. If, indeed, this was the direct result of the alleged accident $1,500.00 is no more than reasonable compensation for such injuries without reference to the evidence of their permanency, so that this instruction could not be considered prejudicial.

It is also urged that the verdict is not sustained by the evidence. It is true that the numerical weight of the evidence is on defendant's side, both as to the place at which the train stopped at the time in question and as to whether plaintiff fell at the time and was injured, but her statements to that effect were direct and positive.

The jury saw the witnesses on both sides and were authorized to believe one as against the larger number if impressed with the credibility of that one; so that on the whole case we cannot say that the verdict is so flagrantly against the evidence as to authorize a reversal.

Another point urged is that the petition as amended at the time of the trial contained no averment as to a miscarriage; but a great deal of proof was introduced on this point. Objection was made to some of this evidence, and counsel for plaintiff announced that he would file a second amended petition claiming damage on that ground. This was later done without objection. No motion was made to set aside the impanelling of the jury or to continue the case on account of surprise, and we must conclude that this objection was waived.

Perceiving no prejudicial error the judgment is affirmed.