## Southeastern Greyhound Lines v. Collins.

November 14, 1947.

S. M. Ward, Judge.

R. W. Keenon and Craft & Stanfill for appellant.

Faulkner & Faulkner for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Fern Collins brought this suit against the Southeastern Greyhound Lines to recover damages for alleged injuries received by her while a passenger on one of defendant's buses. The case was submitted to the jury which returned a verdict for $500 for the plaintiff. The principal ground urged for reversal of the judgment is the failure of the court to sustain the appellant's .motion for a directed verdict.

Appellee with her three children, aged 10, 8, and 6 years, respectively, the oldest a boy, left Middletown, Ohio, on April 11, 1944, for Hazard, Kentucky. She had been visiting her sister in Middletown, and carried with her a suitcase containing her and her children's clothing. She boarded a bus at Middletown at 9 p. m., and changed buses at Cincinnati, Ohio, and Lexington, Kentucky. The bus from Lexington to Hazard left Lexington at 3 a. m. on April 12. When it reached Jackson, Kentucky, the driver learned that the road had been blocked by an earth and rock slide between Jackson and Hazard, and he told the passengers that they could remain in Jackson until the road was cleared and take a later bus or could continue in the bus to the point where the road was blocked and transfer to another bus which would be brought from Hazard. Mrs. Collins elected to continue in the bus which had 45 or 50 passengers, men, women, and children. The bus arrived at the point where the road was blocked a short distance from Hazard some time after daylight. Employees of the State Highway Department had arrived on the scene to remove the debris from the road, and had cut and trimmed the trees and bushes down the bank on each side of the slide and along a creek to enable travelers on the highway to walk around the obstruction. All of the passengers, including Mrs. Collins, got out of the bus, walked around the slide, and boarded the bus from Hazard. Mrs. Collins alleged in her petition that appellant's agents and servants in charge of the bus directed

her to transfer to the waiting bus and refused to assist her; that she had a heavy piece of baggage which she was unable to carry, and that she was compelled to ask fellow passengers to assist her; that the refusal of appellant's agents and servants in charge of the bus to render her any assistance caused her to be subjected to unnecessary physical strain and exposure; and that she became ill and was confined to her bed for a period of three weeks after her arrival at her home in Hazard. The sole act of negligence relied upon was the alleged refusal of the driver of the bus to carry her baggage around the slide. She testified that she heard another passenger ask about the baggage, and that the bus driver said the passengers would have to transfer their baggage. She admitted that she did not ask the driver to assist her, and did not inform him she was unable to carry the suitcase. There were 45 or 50 passengers, and appellee testified that she was the last one to leave the bus and that she followed the other passengers around the slide. She admitted that she saw the bus driver carry one of the women passengers across or around the slide, and G. L. Page, driver of the bus, testified that he carried a woman who was crippled to the waiting bus. Obviously, he could not assist all the passengers, and it was his duty to render aid only to those who requested it or to those whose need of special assistance had come to his attention. Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S. W. 2d 93; Louisville & N. R. Co. v. Bowman, 208 Ky. 39, 270 S. W. 471; Louisville & N. R. Co. v. Dyer, 152 Ky. 264, 153 S. W. 194, 48 L. R. A., N. S., 816; Illinois Central Ry. Co. v. Cruse, 123 Ky. 463, 96 S. W. 821, 8 L. R. A., N. S., 299, 13 Ann. Cas. 593. In Ken-Ten Coach Company v. Davis, 289 Ky. 329, 158 S. W. 2d 624, 626, the following from the opinion in the Cruse case was quoted with approval: " 'Obviously, it is not incumbent on the employes of a carrier of passengers, on their own initiative, to render any special service to one or more passengers to the exclusion of others; their whole duty being to secure the safety and comfort of all. It certainly is not their duty to be on the lookout to discover that any particular passenger needs special assistance. We think, however, if a passenger is in need of special assistance, either from sickness or other misfortune,

and this fact is known to the employes of the carrier, it is their duty to render it; but they are not required to anticipate such wants or needs.' "

In Louisville & N. R. Company v. Brewer, 147 Ky. 166, 143 S. W. 1014, 1015, 39 L. R. A., N. S., 647, Ann. Cas. 1913D, 151, the court said: "And while peculiar care is due to persons who are sick or infirm, only the care required in the case of persons in ordinary health is demanded of the carrier where he is not informed of the infirmity of the passenger and has no reason to apprehend the danger to him."

There was no evidence that appellee appeared to be, or was, an infirm or abnormal person. She claimed that her illness was caused by the strain and exertion of carrying the suit case around the slide, but Dr. L. H. Wager, her attending physician, the only witness called by her, stated that he was unable to say whether or not her illness resulted from such strain. The appellee failed to produce evidence tending to show that her illness was the result of any negligence on the part of the driver of the bus, and the court erred in overruling appellant's motion for a directed verdict. Having reached this conclusion, it is unnecessary to consider other grounds for reversal urged by appellant.

The judgment is reversed for further proceedings consistent herewith.