# Wilson v. Pennsylvania R. Co., Inc.

January 16, 1948.

William H. Field, Judge.

Carroll Y. Sanderson, Jr. for appellant.

Louis Seelbach and Bullitt & Middleton for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellant, Martha B. Wilson, as plaintiff below, sought to recover damages for personal injuries, loss of time, and medical and hospital expenses growing out of an accident while transferring from the train of the appellee, Pennsylvania Railroad Company, at Indianapolis, Indiana.

Appellant had purchased a ticket for transportation from Louisville to New York over the line of appellee via Indianapolis. She boarded the train at the 10th and Broadway Station in Louisville. The train left about 7:00 and reached Indianapolis somewhere between the hours of 10:00 and 11:00 p. m. When attempting to leave the coach of the train to transfer to another train she stated that she reached to catch the railing along the steps and that her foot slipped and she "gave way." She stated that the porter and conductor of the train were at or near the steps of the coach when she at-

tempted to alight therefrom and that they offered her no assistance.

At the close of the testimony of plaintiff below defendant filed motion for peremptory instruction, which was sustained. From that ruling this appeal is prosecuted.

Seemingly, appellant is basing her case upon the fact that her condition was so obvious that appellee could have seen her need of assistance and should have rendered such assistance as was apparently necessary even without her requesting it. Witnesses were introduced to show the obviousness of her apparent age, which she stated is 73 years; that she was unusually heavy, weighing somewhere from 180 to 200 pounds; that at the 10th Street Station in Louisville a soldier boy assisted her in carrying her hand bag on the train; that she was slow and sluggish in her movements; and that because of all of the aforementioned, the appellee, on its own initiative, seeing her condition, should have rendered her special service.

In the very recent case of Southeastern Greyhound Lines v. Collins, 305 Ky. 829, 205 S. W. 2d 1008, 1009, the duty and care incumbent upon employees of a carrier of passengers was carefully laid down in the following language: "Obviously, he could not assist all the passengers, and it was his duty to render aid only to those who requested it or to those whose need of special assistance had come to his attention. Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S. W. 2d 93; Louisville & N. R. Co. v. Bowman, 208 Ky. 39, 270 S. W. 471; Louisville & N. R. Co. v. Dyer, 152 Ky. 264, 153 S. W. 194, 48 L. R. A., N. S., 816; Illinois Central Ry. Co. v. Cruse, 123 Ky. 463, 96 S. W. 821, 8 L. R. A., N. S., 299, 13 Ann. Cas. 593. In Ken-Ten Coach Company v. Davis, 289 Ky. 329, 158 S. W. 2d 624, 626, the following from the opinion in the Cruse case was quoted with approval: ' "Obviously, it is not incumbent on the employes of a carrier of passengers, on their own initiative, to render any special service to one or more passengers to the exclusion of others; their whole duty being to secure the safety and comfort of all. It certainly is not their duty to be on the lookout to discover that any particular passenger needs special

assistance. We think, however, if a passenger is in need of special assistance, either from sickness or other misfortune, and this fact is known to the employes of the carrier, it is their duty to render it; but they are not required to anticipate such wants or needs.'''

"In Louisville & N. R. Company v. Brewer, 147 Ky. 166, 143 S. W. 1014, 1015, 39 L. R. A., N. S., 647, Ann. Cas. 1913D, 151, the court said: 'And while peculiar care is due to persons who are sick or infirm, only the care required in the case of persons in ordinary health is demanded of the carrier where he is not informed of the infirmity of the passenger and has no reason to apprehend the danger to him.' "

In the instant case there was not such incapacity on the part of appellant as would particularly attract the attention of the employees of the appellee company. The appellant, although 73 years of age, was undertaking a journey from Louisville to New York alone. She knew her condition better than any one else and if it was such as would require special assistance from the employees of the carrier it would have been an easy matter to have apprised them of that fact. There is no evidence here that any such request was made, nor is there convincing evidence that her apparent condition was such as would particularly attract the attention of the employees. Consequently, the court properly and correctly gave the peremptory instruction.

The judgment is affirmed.