## Laney v. Chesapeake & O. Ry. Co.

April 19, 1949.

W. J. Ward and Wheeler & Wheeler for appellant.

Wells & Wells, and Browning & Gray for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment on a verdict in

favor of the Chesapeake & Ohio Railway Company. Reversal is urged upon the ground the court should have instructed the jury that it was the duty of the Company's agents to assist passengers in alighting from the train. On the other hand, the Company points out that the appellant offered no instruction on this theory of the case, nor was it the basis of the charge of negligence in the petition.

Mrs. Golda Laney said that the injuries herein complained of were sustained as the result of a fall she received while alighting from one of the Company's trains. Her version of the accident was that the step turned as she was leaving the train and she fell into a hole in the platform. She said no one assisted her as she was alighting, but admitted she made no request for aid, although she was eight months pregnant.

We think the position of the Company is well taken. The court gave an instruction advising the jury that the Company was required to maintain its premises and equipment so that a traveler could alight from its train with reasonable safety, and that, if the Company provided a stool or step that was insufficient or unsafe, the appellant was entitled to recover. The allegations in the petition would not authorize a recovery for the negligent failure of one of the Company's employees to assist an alighting passenger. Furthermore, we have noted that no instruction was offered by the appellant on that theory of the case. Hence, no duty was incumbent upon the court to give such an instruction. See Stanley's Instructions to Juries, section 8, page 14. Mattingly v. Meuter, 275 Ky. 294, 121 S.W.2d 676. It is well settled also that employees of a carrier of passengers need not, upon their own initiative, render any special assistance to one or more persons to the exclusion of others, unless a passenger is in need of special assistance either from sickness or other misfortune and this fact is known to the employees of the carrier. Wilson v. Pennsylvania R. Co., 306 Ky. 325, 207 S.W.2d 755.

Judgment affirmed.